## CHOWNING VS. BARNETT.

1. PLEADING: *Before justice of the peace.*

 Formal pleadings are not required in proceedings before a justice of the peace, and, on appeal to the Circuit Court, a demurrer should not be sustained to the complaint.

2. APPEAL FROM JUSTICE OF THE PEACE: *Same cause of action must be tried.*

 On appeal from a justice of the peace, the same cause of action must be tried in the Circuit Court as was tried before the justice.

3. *Proceedings to enforce Employer's Lien, etc.*

 The 5th section of the labor system act, approved March 8th, 1867, gives the employer no lien for supplies upon future wages of the laborer. The 3d. section confers a lien for supplies on the product of his labor. Proceedings to enforce a lien under the 5th section must have been commenced within ninety days after the abandonment.

4. STATUTES: *Effect of the repeal of the labor system act.*

 The act of March 8th, 1867, was repealed by the act of April 22d, 1873, and if it had been remedial merely, the repeal would have defeated any future proceedings under it; but inasmuch as it also provided for damages, the repeal did not affect future proceedings under the act for their recovery.

APPEAL from *Dorsey* Circuit Court.

Hon T. F. SORRELLS, Circuit Judge.

*M. L. Jones* for appellant.

No complaint was necessary to obtain the writ of garnishment, only the account filed and affidavit. Acts 1867.

The limitation of ninety days does not begin until the expiration of the contracted time of service.

The demurrer was bad ; there was good cause of action against defendants.

The proceeding as to Barnett was *in rem*. He had nothing to do with the cause of action against the principal defendants. He should have moved to quash. *Childress* v. *Fowler*, 9 Ark., 159.

Error in the printed act suggested, fifth line of section 5.

S. W. WILLIAMS, SP. J. :

This was a suit instituted by Chowning on the 10th day of January, 1874, in which he filed before a justice of Dorsey county his complaint, with an account for supplies furnished, and affidavit required by the 6th section of the act to regulate the labor system of this State, approved March 8th, 1867, and a contract for labor.

By the complaint, and other papers in the case, it appears that on the 12th day of March, 1873, the defendants in the suit, S. B. Henry, William Sewell and R. T. Henry, jointly agreed with Chowning to make and gather a crop upon his land, which contract was filed with the complaint, together with a bill of particulars for supplies furnished defendants named in the complaint, by which a balance was claimed as being due Chowning from these laborers of $143.25. That about the first of April, 1873, defendants abandoned said crop and were employed by N. V. Barnett; that the plaintiff notified Barnett of S. B. Henry, William Sewell and R. T. Henry's indebtedness to him, in accordance with section 5, of the act above mentioned, and that plaintiff would enforce the statutory lien against the defendant's future wages; that the defendants remained in the employment of said N. V. Barnett long enough, since said notice of their indebtedness to plaintiff, to secure in said N. V. Barnett's hands plaintiff's debt and cost. Judgment is prayed against defendants, the laborers, who had entered into the joint written contract, which was the foundation of the suit, and N. V. Barnett for one hundred and forty-three 25-100 dollars.

The summons (with a writ of garnishment against Barnett) was issued on 10th January, 1874. On the 12th day of February, the principal case was tried, in the justice's court by jury, on the claim of plaintiff and offset of defendants, who rendered a verdict for Chowning for $30. On the same day Barnett answered the garnishment, denying any indebtedness to the defendants in that action. On this answer, he was discharged, and from this judgment discharging Barnett, Chowning appealed to the Circuit Court. Judgment was rendered in his favor, by the justice, against the Henry's and Sewell for thirty dollars, on the verdict.

From this judgment there was no appeal by either party.

In the Circuit Court Barnett demurred to the complaint, and the court sustained the demurrer, and dismissed the action. Chowning excepted and appealed to this court and here contends, that the complaint was unnecessary, and immaterial, and that the court erred in sustaining the demurrer. In this he is undoubtedly correct, and the court certainly erred in noticing any formal written complaint, in a case pending before it on appeal from a justice of the peace, where no special pleading is required.

If the plaintiff showed a cause of action in his contract, account and affidavit under the act, he had a case which should have been tried upon the merits. In these papers he had to show substantially the whole nature of his case, which discloses a proceeding instituted after the lapse of more than ninety days from the abandonment of his service by the defendants, which proceeding was based upon the fifth section of the act, and was intended to enforce the statutory lien contemplated by that section, on wages due from Barnett, as the same cause of action which was tried before the justice of the peace must be tried in the Circuit Court. See Gantt's Digest, section 3837. There could be no other or different cause of action tried in the Circuit Court in this case. Therefore it would be of no value to reverse this

cause for a formal error, if the plaintiff discloses no cause of action upon which a judgment could be based.

The first and second sections of the act of 1867, provide for the making of laborers' contracts; section three provides that specific liens are hereby reserved, upon so much of the produce raised, and articles constructed or manufactured by laborers during the contract as will secure all moneys, and the value of all supplies furnished them by the employer, and all wages or shares due the laborers, etc.

This section was intended to give reciprocal liens on produce, for supplies to the employer and wages to the laborer, and was specially applicable to the most common of labor contracts of Arkansas at that time—share cropping.

This section is the only one which secures any lien for supplies, and this lien is on the product of the labor, the liens created by this act are statutory, and we cannot extend them by construction.

The fourth section, in case the employer dismisses the laborer without cause, before the expiration of his term, makes him liable for full wages and expressly provides for a lien for the wages on the product of the labor as provided in the third section.

But in the fifth section, upon which this suit is based, there is a lien given upon future wages, for damages provided for and liquidated in the act; no lien is given for supplies on future wages in this or any other section of the act.

Section five of the act provides "if any laborer shall without cause, abandon his employer, prior to the expiration of his contract, he shall thereupon be liable to him for the full amount that would, at the expiration of the contract, have been due him from the employer."

Chowning's counsel contends that there is a manifest error in the printed act, caused by a transposition; instead of, due him from the employer, it should read, due from him to the employer.

As we find that the enrolled act in the secretary of state's office contains the same language, we must take it as expressing the legislative will, unless to give it this construction would render the act nonsensical, which could be avoided by some other rational construction. We think it was the intention of the legislature, by this section, in case of abandonment, to provide for damages for the breach of this contract, and establish a standard of liquidation, to-wit: the amount due from the employer to the laborer in share or wages at the end of the term, as it may be presumed that the employer expected at least to make the laborer's wages, and of course would be damaged to this extent, and this section was designed to put at rest the amount of damage, for breach of contract, and for this damage and for this only, provided for a lien on future wages; and as the third section, only, provided for lien for supplies, the employer who allowed supplies before any results were produced to which his lien could attach, had no lien for supplies as such, and had no remedy except for the breach of contract under the fifth section, and as no prudent man would advance more to a laborer than his wages or share would be worth, this damage at least afforded a sort of compensation. This view of the case is sufficient to show that appellant had no case against Barnett.

But the sixth section of the act requires that the proceeding under the act shall be commenced in ninety days from the time the lien becomes due. We think the fifth section contemplates an immediate right of action, whenever the laborer abandons his employer without cause, and we have not been able to see the correctness of the argument presented by counsel, that to require suit to be brought within ninety days after abandonment would defeat the remedy. If there is anything in it, it applies with most force against that construction contended for, which would make the lien due at the end of the contract term, for in the meantime the laborer might work, collect all his wages, and at

the end of the contract term wait ninety days, without working, or work and collect by the day, and thus in like manner defeat the remedy, just as well as he could for the first ninety days after abandonment. The argument is not sound, nor is this the correct construction of the fifth section.

The laborer "thereupon" becomes liable, and "thereupon" there is a right of suit, and therefore "thereupon" the lien for damages provided for is due.

The garnishment against Barnett cannot be maintained as an ordinary garnishment in attachment, because the affidavit required by the sixth section of the labor act, which was filed in this case, contains none of the essential requisites of an affidavit for an ordinary attachment, nor was any writ of attachment issued.

It follows from these views that Chowning can in no event in this suit enforce a lien on the wages of the laborers: *First*— Because he has none, for supplies furnished; and, *Secondly*— Because if he had, his suit was out of time.

It is urged here, that the court below erred in dismissing the proceedings because a judgment for thirty dollars had been rendered against the Henrys and Sewell, and they did not defend.

But neither did Chowning or themselves appeal from this judgment in the case. There was nothing before the Circuit Court upon record before us except Chowning's appeal from the branch of the case in which the justice discharged Barnett from the garnishment so expressly limited in the prayer, and order of appeal. The act on which this suit was founded was repealed by act of April 22d, 1873, and if the statute was merely remedial would have defeated this suit. But, as it provides for a lien, and also for giving damages, to be liquidated by a certain standard in the fifth section provided, we think there

was, under the contract of March 12th, 1873, a substantial right—allegation of contract—which the act of 22d April, 1873, could not impair.

The judgment, for the cause aforesaid, is affirmed.

Mr. Justice HARRISON did not sit in this case.