Jacks et al. vs. Nelson & Hanks.

---

### JACKS et al. vs. NELSON & HANKS.

1. JUSTICE OF THE PEACE: *Practice before.  Filing account, etc.*

In ordinary actions before justices of the peace, the plaintiff must indicate in the paper filed as his cause of action, the matter upon which his claim is founded; but he is not held to exhibit in any paper or written statement (unless he chooses to proceed by regular pleading), a complete cause of action, unaided by proof *aliunde.*

The instruments filed are not pleadings.    If a proper paper or statement be not filed, the suit may be dismissed on motion.  If the paper filed is sufficient to indicate a cause of action, the plaintiff may supply full proof *aliunde.*

2. NEGOTIABLE INSTRUMENTS :  *Certificate of deposit.*

A certificate of deposit is *prima facie* evidence of a chose in action, which is assignable by statute, and gives a right of action to the assignee.  It, itself, implies a contract to pay the amount deposited.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer*, for appellant.

*Thweatt, contra.*

EAKIN, J.   Appellants sued defendants before a justice of the peace, filing, before summons, the following paper :

"*Nelson & Hanks, Bankers :*

                                "HELENA, ARK., 12–19–1877.
"Deposit for credit of Charles Hicks $143.60-100, 3–B–6.
                                                "N. & H."

This was indorsed, in writing, by Hicks to Mayfield & Co., and by them to plaintiffs.   Judgment was rendered by the justice for plaintiffs, and defendants appealed to the circuit court.

There, defendants filed a written demurrer "*to the instrument*" sued on ; first, because it does not show cause of action ; second, because there was no account nor written contract, or written statement of the facts on which the action was founded ; and, third, because there was nothing on file showing cause of action.

The court sustained the demurrer ; and, refusing to allow plaintiffs to amend by filing a written complaint, gave judgment for defendants.   Plaintiffs appealed.

The statute regulating the practice before justices requires that ordinary actions shall be commenced by summons, and that the plaintiff shall first file, " the account, or the written contract, or a short written statement of the facts on which the action is founded."   This is for the convenience of defendant, that he may not be surprised; and to protect him from a second suit on the same ground. The plaintiff is required to indicate the matter upon which his claim is founded, but is not held to exhibit in any paper, or by written statement—(unless he should choose to proceed by formal pleading)—a complete cause of action unaided by proof *aliunde*.   That would not be done by filing an account.

The demurrer in the circuit court was not proper prac-

tice. The instruments filed are not pleadings. If there is no compliance with the statute by filing any proper paper, or written statement, the suit might be dismissed on motion. If the paper filed is sufficient to indicate the cause of action, the plaintiff should be allowed to supply full proof *aliunde*, or, failing in that, should have judgment against him.

A certificate of deposit, although not commercial paper, negotiable by the law merchant, when not containing a promise to pay, is, nevertheless, *prima facie* evidence of a chose in action, which is assignable by statute, and gives a right of action to the assignee. If there be any defense to it, of any nature, it should be made out by defendant. The certificate, itself, implies a contract to pay the amount deposited. That is meant by a deposit. Something left in another's hands; not for his use, but the depositor's. The doctrine laid down by Mr. Daniels, in section 1704, of his excellent work on Negotiable Instruments, to the effect that such a certificate "is nothing more than a receipt, and could not be the basis of an action against the bank," does not mean that it can not be used as evidence of an implied contract. The case he cites, shows this more plainly. *Hotchkiss v. Mosler, 48 N. Y., 482.*

The better doctrine, upon reason and authority, is to consider certificates of deposits by a bank, if payable at a future day, as promis.ory notes. If not accompanied with an express promise to pay, as simple evidences of indebtedness, subject to defenses. *Morse on Banks and Bankruptcy, p. 52.*

The plaintiffs below sufficiently complied with the statute, and the court erred in rendering judgment against them for costs.

Reverse the judgment, and remand the cause for further proceedings.