## SEVERS et al. vs. BULL.

### Opinion delivered February 15, 1896.

*1. Review—Motion for New Trial.*

> A motion for a new trial must be filed, and the action of the lower court preserved by bill of exceptions in order to enable this court to review the action of the lower court on a motion to dismiss.

*2. Case Followed.*

> See case of Severs vs. Trust Co., 1 Ind. Ter. 1.

Appeal from the United States Court for the Northern District of the Indian Territory.

WILLIAM M. SPRINGER, Judge.

Beulah B. Bull sued F. B. and A. A. Severs upon certain interest coupons. The complaint of appellee does not disclose whether or not she is a resident of the Indian Territory. Appellants filed a motion in the trial court to require appellee to file a bond for costs, averring that the complaint showed upon its face that appellee is a nonresident of the Indian Territory, which motion was by the court overruled. Thereupon appellants moved the court to dismiss the cause, for the reason, as alleged, that the plaintiff, a nonresident of the Indian Territory, refused to file a bond for costs, which motion was overruled. Neither of such motions was verified by affidavit. The defendant F. B. Severs refusing to plead further, judgment was entered in behalf of appellee. Defendants appeal. Affirmed.

*W. T. Hutchings* and *A. Z. English,* for appellants.

*Thomas A. Sanson, Jr.,* and *P. L. Soper,* for appellee.

LEWIS, J. The fact of appellee's nonresidence is not shown by the record. No error, therefore, is apparent in the action of the trial court in overruling the motion to dismiss. A motion for a new trial was not filed, nor was the action of the trial court upon the motion to dismiss preserved by bill of exceptions, both of which things were necessary to be done to enable this court to review the error complained of. See case of Severs vs. Trust Co. ( this day decided ) 1 Ind. Ter. 2. The judgment is affirmed.