## JETT ET AL vs SITTLE.

## Opinion delivered October 5, 1901.

*1. Appeal—Transcript—Authentication Thereof.*

> Where there is, in the record, a ·written stipulation or agreement signed by counsel for all parties, stating what the transcript shall contain, and that it contains correct copies of all the pleadings, ·orders, etc., counsel will not be heard upon a motion to dismiss the appeal because the transcript is not properly authenticated.

*2. Appeal—Bill of Exceptions—Absence of, Necessitates Dismissal of Appeal.*

> The rulings of the court upon motions of various kinds, made during the progress of the cause, and its orders striking out an amended answer, refusing to quash a garnishment, and recitals in the judgment that the court heard the admissions of the attorney for defendant as a reason for its judgment, can only be shown by bill of exceptions and when not so shown same cannot be considered on appeal.

Appeal from the United States Court for the Central District.

W. H. H. CLAYTON, Judge.

Action by Frank Sittle against C. E. Jett, in which the Missouri, Kansas & Texas Railway Company is served as garnishee, and impleads Brown, Stalcup & Co. Judgment in favor of plaintiff. Defendants Jett and Brown, Stalcup & Co. appeal. Motion to dismiss appeal. Granted on condition of failure to file bill of exceptions.

On May 31, 1899, the plaintiff below (appellee here) sued the defendant below, C. E. Jett (appellant here), on a promissory note, before a United States commissioner in the

Central district, Ind. T., and on June 9th took judgment by default, and on June 14th plaintiff sued out writ of garnishment against the Missouri, Kansas & Texas Railway Company. Writ was issued and served on same day on said company, returnable June 28, 1899. On June 27, 1899, the garnishee answered, admitting an indebtedness to defendant of $61.60, and says the same is not subject to garnishment, but is exempt from garnishment and execution to said defendant. Garnishee further says that said $61.60 is claimed by Brown, Stalcup & Co., under an assignment delivered to garnishee June 6, 1899, and asks that Brown, Stalcup & Co. be made parties to this suit, and for them to appear and defend any claim which they may have; and garnishee asks $5 fee for answering. Plaintiff, on June 28, 1899, denies specifically the answer of garnishee, except that it is indebted to defendant. July 1, 1899, Brown, Stalcup & Co. were made defendants, and on July 6, 1899, they filed interplea, and state that defendant was indebted to them on June 5th $61, and same day gave J. C. Stalcup, of said firm, power of attorney to collect from Missouri, Kansas & Texas Railway Company money due him to secure them for supplies furnished him. On July 8, 1899, plaintiff filed answer to interplea, denying statements of interplea, and says power of attorney was a fraudulent transaction to hinder and delay creditors, and on same day the issues between plaintiff and interpleaders were submitted to a jury, who returned the following verdict: "We, the jury, duly impaneled and sworn, find the issues in favor of the plaintiff, Frank Sittle;" whereupon the commissioner rendered the following judgment: "It is therefore ordered and adjudged that the Missouri, Kansas & Texas Railway Company, a corporation, pay forthwith out of the $61.60 due by said corporation to the defendant C. E. Jett by said corporation the sum of $47.10 into court, the said sum being the amount required to satisfy the judgment obtained by the plaintiff and the costs of this suit. It is further ordered and adjudged that the

interpleaders, Brown, Stalcup & Co., take nothing by their interplea; and it is ordered and adjudged that said E. M. Brown, J. C. Stalcup, and E. L. Stegall pay all costs incurred in the trial of the interplea filed by them in this cause, for which let execution issue. Allen Wright, U. S. Commissioner." On July 10th interpleaders appealed. On July 27, 1899, defendant filed schedule of exempt property, claiming, among other property, the said $61.60 as exempt. On July 31st plaintiff filed answer to petition to schedule: (1) Because no execution or other process has been issued against defendant. (2) Because the defendant is not the owner of the $47.10 above mentioned, the same having been ordered paid into court to satisfy judgment of plaintiff, and that defendant, by negligence and laches, waived whatever right he may have had to claim the $47.10 as exempt property. (3) Plaintiff further avers that the aforesaid order of this honorable court directing the aforesaid corporation to pay the aforesaid $47.10 into court, and that said $47.10 be applied in satisfaction of plaintiff's judgment against defendant, was in law as [an] assignment of defendant's right, title, and interest in and to the aforesaid $47.10 to this plaintiff, and that defendant now has no right, title, or interest in said $47.10, but that said money is now the property of this plaintiff, and defendant cannot schedule said money as his property; of which plaintiff prays the judgment of the court." On same day motion of plaintiff to strike out and hold for naught claim of defendant to the $47.10 as exempt property overruled, and supersedeas issued, and plaintiff appealed. On December 1st transcript was filed in United States court for Central district. On May 10, 1900, plaintiff filed the following additional answer to defendant's petition to schedule: "Fourth. Plaintiff, by leave of the court, now amends the foregoing answer, and avers that the defendant should not have scheduled to him the before-mentioned amount due by the aforesaid Missouri,

(44)

Kansas & Texas Railway Company because the facts are that when the aforesaid petition was filed, and said supersedeas was issued, the aforesaid defendant has fully determined to remove from the Indian Territory, and to no longer reside in said territory; that within a few weeks after the above supersedeas was issued the said defendant did leave the Indian Territory, and is not now, and has not been since his departure, a resident of the Indian Territory; that the facts are that prior to the time of filing the petition for a supersedeas and prior to the time of issuing said supersedeas the aforesaid defendant claimed and contended that he had sold and transferred his claim against the aforesaid railroad company for $61.60 to the firm of Brown, Stalcup & Co., a mercantile firm composed of E. M. Brown, J. C. Stalcup, and E. L. Stegall; that the aforesaid firm of Brown, Stalcup & Co., after they had failed to procure said amount by an interplea filed in this cause, advised and persuaded the defendant to allow them to present and file the aforesaid claim for exemption for him; that the aforesaid J. C. Stalcup and E. L. Stegall, who are successors to the firm of Brown, Stalcup & Co., are the real parties interested as defendants in this cause, and they expect and intend to receive the aforesaid $61.60, and to apply the same upon account due by the aforesaid defendant, and which was due prior to issuing the aforesaid supersedeas, and the aforesaid Jett is in no way interested in this cause. Wherefore plaintiff prays the court to strike out and hold for naught the claim of the defendant to the aforesaid $61.60 as a part of his exempt property, and for an order directing the aforesaid Missouri, Kansas & Texas Railway Company to pay the aforesaid $61.60 into court, and that enough of said $61.60 be ordered paid to this plaintiff to satisfy $47.10, the amount recovered in the commissioners' court, together with 6 per cent. upon same, and the costs of the appeal in this cause." On June 11, 1900, defendant moved that the Missouri, Kansas & Texas Railway Company be ordered to

pay $61.60 into court, which motion was sustained, except that the railway company was allowed a fee of $5 out of same. On June 14, 1900, defendant moved to strike out amended answer filed by plaintiff which motion was sustained, and plaintiff excepted, and on same day defendant moved to quash the writ of garnishment, which motion the court overruled, and defendant excepted. On same day interpleaders moved the court to consider the appeal claimed to have been perfected by them, which motion the court overruled, to which interpleaders excepted. "Thereupon the matters and issues raised by the petition filed by the defendant Jett praying for a supersedeas, and the answer thereto filed by the plaintiff, were presented to the court, and the court, having examined the pleadings in this cause, and heard the admissions of the attorney for defendant Jett as to the presence of said Jett at the time the order was made by the lower court directing that the garnishee pay forthwith certain moneys into court and being fully advised in the premises, doth find the issues in favor of the plaintiff, Frank Sittle, and doth order and adjudge that the clerk of this court doth pay out of the $61.60 deposited in court by the Missouri, Kansas & Texas Railway, as garnishee, the sum of $47.10 and 6 per cent. per annum on said amount from the 9th day of July, 1899, to the date of payment, and also all of his costs laid out and expended in perfecting this appeal from the United States commissioners' court to this court. It is further ordered that the surplus, after amounts aforesaid shall have been paid, be paid to the defendant C. E. Jett, or to his attorney, J. E. Whitehead. It is further ordered and adjudged that the petition of the defendant Jett for a supersedeas be denied so far as the aforesaid $61.60 is concerned. To all of which the defendant Jett then and there excepted, and did then and there pray an appeal to the United States court of appeals for the Indian Territory, and said appeal is hereby granted." On June 16, 1900, defendants C. E. Jett and Brown, Stalcup & Co. filed motion

for a new trial, which, on June 30, 1900, was overruled by the court; and defendants prayed and appeal to this court.

*J. E. Whitehead*, for appellant.

*Wilkinson & Kennedy*, for appellee.

TOWNSEND, C. J. On the 9th day of October, 1900, the appellee filed motion to dismiss the appeal upon two grounds, as follows: "First, the pleadings, orders, and judgments, which are purported to be copied in the transcript, are not properly authenticated; second, there is no bill of exceptions copied in the transcript." On the same day this court ordered the case submitted on said motion, and also upon the merits. From the transcript of the record it appears that there was an effort by counsel to agree, and we find the two following agreements as to what the transcript should contain:

"South McAlester, I. T., Aug. 21st, 1900. We. J. E. Whitehead, attorney for defendants, and S. A. Wilkinson, attorney for plaintiff, do hereby agree that the foregoing transcript contains all the record material to the issues in dispute in this case, and each agree for himself and client that the foregoing shall constitute the transcript in the case. J. E. Whitehead, Attorney for Defendants."

"The attorneys for the appellee, Frank Sittle, agree that the foregoing is a correct copy of all pleadings and orders purported to be copied herein, and we also agree that appellant need not copy the pleadings and orders of court, which are omitted herefrom. This 21st day of August, 1900. Wilkinson & Kennedy."

We do not exactly understand why the appellee should move to dismiss because the "pleadings, orders, and judgments * * * are not property authenticated," when as above stated, he "agrees that the foregoing is a correct copy of all pleadings and orders purported to be copied

herein, and we also agree that appellant need not copy the pleadings and orders of court which are omitted herefrom." In their supplemental brief appellants insist that appellee agreed by the foregoing to the transcript as prepared. We are of the opinion that when appellee agreed "that the foregoing is a correct copy of all pleadings and orders purported to be copied herein," he will not be permitted here to say that they are not "properly authenticated."

The second ground of motion to dismiss is for the reason that there is no bill of exceptions and this presents a more difficult question. In 3 Enc. Pl. & Prac. p. 392, it is said: "Motions of various kinds, made during the progress of the cause, and the rulings of the court granting or denying them, must, in order to be reviewed upon appeal, be taken up on a bill of exceptions." The same book (on page 400) says: "Motions to strike out pleadings, together with the rulings thereon, cannot be considered on appeal unless incorporated in a bill of exceptions." See, also Thomp. Trials, §§ 2773, 2777, 2779. In Severs vs Trust Co. 1 Ind. Ter. Rep. 1, (35 S. W. 234,) Judge Lewis, for this court, says: "A judgment by the Arkansas Code is 'a final determination of the rights of the parties in an action.' The reasons announced by the court to sustain its decision constitute no part of the judgment, and do not become such by reason of the fact that the clerk may enter them upon the minutes. Such matters are properly presented for review by bill of exceptions only. Freem. Judgm. §§ 2, 79; 2 Thomp. Trials, §§ 2781, 2773, 2776; Elliott, App. Proc. 814, 815. In the case of Hall vs Bonville, 36 Ark. 495, the court said: 'It is true that in the judgment entry there is a statement of the evidence introduced on the trial, or agreed on, and of the declaration of the law of the case made by the court; but it is the province of the bill of exceptions and not of the judgment entry, to bring on the record facts proven or admitted on the trial, and the declarations of law

made by the court upon them.' This must be a correct statement of the law; otherwise ·a judgment might become the vehicle for presenting upon appeal any ruling of the trial court at any stage of the trial. 'Nothing can be made a matter of record by calling it by that name, nor by inserting it among the proper matters of record.' Freem. Judgm. § 78." In Steck vs Mahar, 26 Ark. 537, 538, the court says: "Where the error complained of does not relate to errors growing out of the evidence or instructions, but is apparent from the record without the intervention of a bill of exceptions, there is no necessity for making a motion for a new trial, and the cause in such a case can be brought to this court without making the motion; but in cases where the error complained of does not appear of record, save by the intervention of a bill of exceptions, a motion for a new trial must be made before appeal will lie to this court; and the appeal will not lie in the case last supposed if the error complained of can be corrected in the manner provided in section 571 of the Civil Code, until the motion has been made in the circuit court, and there overruled. Section 886. In the case at bar it appears there was an issue and trial of fact by the court below; not only an issue and trial, but a finding that Mahar was and is the legal constable of Vaugine township, and that Steck is an usurper of said office, and not entitled to discharge the duties thereof, and of right has no claim thereto. A judgment of ouster followed this finding. There is no error in the judgment if the finding of the court, sitting as a jury, is correct. Whether the court erred as to the finding of facts, we have no means of ascertaining, nor would it be proper for us to take the matter under consideration in the present attitude of the case. Counsel for the appellant urge that the bill of exceptions is defective in not showing the evidence, or in any manner identifying it. It is unnecessary to say anything about the exceptions, as the record itself cannot be considered by the court."

The amended answer to the petition for supersedeas was stricken out by the court on motion, and plaintiff excepted. This could only be shown by bill of exceptions. The overruling the motion to quash the garnishment to which the defendant excepted, and the recitals in judgment for the plaintiff that the court "heard the admissions of the attorney for defendant Jett" as a reason for his judgment, could only be shown by bill of exceptions. Hence it is our opinion that, before we can consider the errors assigned by appellant, a bill of exceptions should be filed in this court properly bringing the errors complained of to the attention of the court. The appellant, in his supplemental brief, says: "We think there is nothing in the motion, but, should the court think otherwise, we will only ask fair treatment in an opportunity to comply with what the court thinks necessary to the consideration of the appeal upon its merits. We feel that the merits should be considered." We will not dismiss the appeal, but will allow appellant, if he desires, to file a bill of exceptions bringing up all errors complained of, to the end that the case may be submitted on its merits upon the errors assigned. If he declines to do so by the next term of court the appeal shall stand dismissed.

GILL and RAYMOND, JJ., concur.