SIMON VS. AUBREY.

Opinion delivered October 5, 1901.

1.  *Appeal—Matters not Incorporated iu ·Bill of Exceptions not Con-
    sidered on Appeal.*

    Where motions, rulings of the court thereon and exceptions of
    defendant are not brought to the appellate court upon bill of
    exceptions, alleged errors therein cannot be considered on ap-
    peal.

2.  *Replevin—Amendment of Complaint.*

    In an action of replevin for three cows, originally tried in a U.
    S. Commissioner's court, it was not error to permit an amend-
    ment upon trial in the district court, on appeal, so as to in-
    clude the increase of the ·cattle, under authority of Mansf.
    Dig. Sec. 4151 (Ind. Ter. Stat. Sec. 2831).

3.  *Appeal—Bill of Exceptions—Evidence.*

    Where eror is alleged ·in denying a motion for new trial and in
    arrest of judgment, such alleged errors cannot be considered,
    on appeal, unless the evidence is brought up by bill of excep-
    tions.

Appeal from the United States court for the North-
ern district.

JOHN R. THOMAS, Judge.

Replevin by Caesar Simon against C. C. Aubrey.
Judgment in favor of plaintiff. Defendant appeals. Af-
firmed.

This was a suit in replevin, brought by plaintiff, Au-
brey, against defendant, Simon, before a United States com-
missioner for the Northern district for the recovery of three
head of heifer cattle of the value of $20 per head, and $40

damages. The commissioner found the issues in favor of plaintiff for the three head of cattle sued for or their value, and defendant appealed to the United States court at Muskogee. During the progress of the trial on appeal the court permitted plaintiff to amend his cause of action by adding the increase of said heifers or cows, four in number. The jury returned the following verdict: "We, the jury, * * * find the issues for the plaintiff, and assess the value of the three cows at $25 each, the value of the two three-year olds at $25 each, the value of the two yearlings $10 each, and assess the plaintiff's damages at interest at six per cent. per annum from February 5, 1897, at $87." Thereupon the plaintiff offered to remit a part of the value of increase of cattle sued for and allowed him, and the verdict was amended accordingly, reducing the damages to $82.18, to which defendant excepted. Defendant filed motion for new trial and in arrest of judgment. Same was overruled, and defendant excepted. On October 23, 1899, the court rendered the following judgment: "Now, on this day this cause coming on to be heard upon a motion for a new trial herein filed, and the court being fully advised, doth overrule the same, to which the defendant excepts. Whereupon, the plaintiff having asked leave of the court during the progress of the trial to amend his complaint by making it allege that the heifers (now cows) sued for herein were of the value of $25 each, and that he had been damaged in the sum of $120, said complaint was by the court ordered so amended, and agreed to by the defendant. * * * It is considered * * * that the plaintiff have and recover of and from the defendant the cows sued for, and, if not to be restored, from the defendant and Coody Johnson and Jacob Harrison, sureties on his appeal bond, their value, $75, or $25 for each of said cows not restored, together with the sum of $82.18, his damages, together with all costs laid out and expended; and that execution issue therefor."

*E. E. Brook,* for appellant. *Fears & Crump,* for appellee.

TOWNSEND, C. J. The record in this case purports to contain a motion for continuance on account of the absence of witnesses, and for change of venue, filed by defendant in the court below, and the ruling of the court thereon. which is alleged as error. This motion, and the ruling of the court and the exceptions of the defendant should have been brought on the record to this court by the bill of exceptions. Jett vs. Sittle (case immediately preceding,) (64 S. W. 572.) Appellant contends that the court below erred in permitting the plaintiff to amend his complaint in the district court on appeal, alleging the increase of the cattle replevied by plaintiff. Section 4151, Mansf. Dig. (Ind. T Ann. St. 1899, § 2831), provides that "the same cause of action, and no other, that was tried before the justice, shall be tried in the circuit court upon the appeal." This statute has been repeatedly construed by the supreme court of Arkansas. That court held in Railway Co. vs Hall, 44 Ark. 376, that: "The circuit court may permit amendments and allow new issues to be made, keeping clear of new causes of action and set-offs not presented in the justice's court. Mansf. Dig. §§ 4151, 1367; Hall vs Doyle, 35 Ark. 445; Chowning vs Barnett, 30 Ark. 560." In Birmingham vs Rogers, 46 Ark. 254, the court further held that "upon an appeal from a justice of the peace the plaintiff may amend his action in the circuit. court by adding a claim against the defendant which was not included in the original action before the justice." See, also, Railway Co. vs Richter, 48 Ark. 353, 3 S. W. 56. United States commissioners in the Indian Territory are ex officio justices of the peace. 28 Stat. c. 145, § 4. It is evident from the foregoing authorities that, whether the amendment complained of is considered as an amendment to the original cause of action or as a new cause of action, the plaintiff would, in either event, be permitted to recover the

increase of the three head of cattle originally replevied in the one suit. We do not think this amendment alleges a new cause of action. It simply amends the complaint to show the facts as they exist at the time of trial in the district court, where the case is tried de novo upon its merits. It does not appear from the judgment rendered that plaintiff was given the increase of the cattle, but we presume the $82.18 damages was intended as the value of such increase. In Cobbey, Repl. § 397, it is said: "Replevin brought for a female slave entitled the plaintiff to her child born after the commencement of the action. Replevin for a cow entitles the plaintiff, if successful, to judgment for return of the cow and two calves, born since she was wrongfully taken from his possession, and an alternative judgment for her value and that of her increase at the time the judgment was rendered. The issue follows the mother." See Sedg. Dam. (8th Ed.) § 539. The evidence in the case is not brought to this court in the bill of exceptions, and therefore it is impossible to determine whether the court below committed error in overruling defendant's motion for new trial and in arrest of judgment. The judgment of the court below is affirmed.

GILL, CLAYTON, and RAYMOND, JJ., concur.