LITTLE ROCK BRICK WORKS v. HOYT.

Opinion delivered September 21, 1908.

1.  JUSTICES OF THE PEACE—JURISDICTION.—Justices of the peace possess only a special, limited and inferior jurisdiction, and their proceedings must show such facts as constitute a case within their jurisdiction, or the law regards the whole proceedings as *coram non judice* and void. (Page 317.)

2.  SAME—STATEMENT OF FACTS.—Under Kirby's Digest, § 4565, providing that, before a summons is issued by a justice of the peace, "the plaintiff shall file with the justice the account, or the written contract, or a short written statement of the facts on which the action is founded," *held* that an order by a servant of defendant on defendant's foreman to pay a third person a certain sum out of the servant's wages did not serve to apprise defendant that it was an assignment to plaintiff of wages due by defendant, and was insufficient to give the justice jurisdiction of the case. (Page 317.)

3.  SAME—JURISDICTION ON APPEAL.—Where a justice of the peace had no jurisdiction of a case, the circuit court acquired none by appeal. (Page 318.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

STATEMENT BY THE COURT.

This action was commenced before a justice of the peace for Pulaski County against Arch Reddick and the Little Rock Brick Works in July, 1905, upon the following paper, which was filed as the plaintiff's cause of action:

"Little Rock, Ark., Feb. 17, 1905.

"Arch Reddick,
    "In account with Hoyt Merc. Co.,
    "June 28—'05.     To Mdse.          $13.15.

"Little Rock, Ark., Feb. 21, 1905.
"Mr. Geo. Mobbs:

"Please pay to Fred W. McDonald the sum of two ($2.00) dollars each week out of my wages until above account is satisfied in full, beginning with this week as indicated in date above. I hereby assign and transfer said amount.

[Signed]   "A. Reddick.

Indorsed:

"Filed July 15, 1905, and summons issued against Arch Reddick and Little Rock Brick Works, and summons issued returnable July 25, 1905.

"A. A. Brown, J. P."

Thereupon the justice of the peace issued a summons, which was duly served, which summons and return are as follows:

"State of Arkansas,
"County of Pulaski.

"The State of Arkansas.

"To any constable of Pulaski County, Greeting:

"You are commanded to summon Arch Reddick and Little Rock Brick Works to appear before me, A. A. Brown, a justice of the peace in and for the township of Big Rock, in the county of Pulaski at my office in said township on the 25th day of July, 1905, at 10 o'clock of the said day to answer the claim of Jos. Hoyt, proprietor of the Hoyt Mercantile Company acct. amounting to twelve and 15-100 dollars, and notify the said Arch Reddick, and Little Rock Brick Works of the time and place of trial. and have then and there this writ with due return upon it.

"Witness my hand as such justice, this 15th day of July, A. D. 1905.

"A. A. Brown, J. P."

Returned duly served.

Upon these proceedings the justice of the peace rendered judgment by default against both defendants for $13.15, from which judgment the Brick Works appealed to the circuit court. And thereafter the action proceeded against the Brick Works alone.

In the circuit court the appellant filed the following demurrer and motion to dismiss the cause.

"In the Pulaski Circuit Court.

Hoyt
    *v.*        Nos. 1743 and 1744.
Little Rock Brick Works.

"As no pleadings are required in cases coming from a justice of the peace, yet the defendant in each of said cases demurs to the cause of action set forth in the statements filed because neither of them state facts sufficient to constitute a cause of action against this defendant; and because of a defect of parties plaintiffs and defendants, as neither the payee nor the drawee of the order sued on is made a party to either of said cases. The defendant also moves the court to dismiss both cases because neither states a cause of action against this defendant."

Which demurrer and motion to dismiss were both by the court overruled. To each of which rulings the Brick Works at the time excepted, and its exceptions were allowed.

Thereupon the case was submitted to the court sitting as a jury for trial, and the court rendered judgment for the appellee, Hoyt, and against the Little Rock Brick Works for $13.15.

At the trial, the appellee, to sustain his issues, offered in evidence the paper writing above set forth, which was his cause of action upon which he brought this suit.

The plaintiff then read the following written notice in evidence, which was at its date delivered to George A. Leiper.

"Little Rock, Ark., March 23, 1905.
"Messrs. Leiper & Apperson,
    "Little Rock, Ark.
"Gentlemen:

"We have an assignment of two dollars ($2.00) each week out of whatever may be owing from you to Arch Reddick until the sum of $13.15 is paid. This assignment of Arch Reddick, which is in writing, is dated Feb. 21, 1905, and has been in possession of your agents out at the brick yard, and they have paid the money each week to the assignor regardless of the assignment, completely ignoring our lawful rights, and say that they will continue to pay the money which is our money to the assignors. We have an assignment in writing of the wages of Harrison Henderson to the amount of eight ($8.55) and fifty-five cents to be deducted, two dollars each week, beginning with the week

commencing March 19th, 1905. So two dollars of whatever you owe Harrison Henderson each week belongs to us until the stated amount is liquidated. We hold you responsible on these assignments.

"Yours respectfully,

"Fred McDonald.

"Address as indicated in letter head."

The plaintiff then introduced as a witness Fred W. McDonald, who testified:

"That Joseph Hoyt was the proprietor of the Hoyt Mercantile Company, and that Arch Reddick owed Hoyt the amount of said account, $13.15, when said order was given to him; that he was employed by Hoyt to collect this claim for him, and wrote the order above set out; that he took it to Mobbs at the brick yard of the defendant, who was the foreman of the workmen there, and left it with him for several weeks, when he went for it, and Mobbs refused to pay it, or any part of it; that he then took it to Mr. Dunlap, who was paymaster of the workmen at the brick yard, and he refused to touch it; that he sent the notice above set forth to Messrs. Leiper & Apperson, who paid no attention to it; that he had seen Mobbs pay the men at the brick yard. When he showed the assignment to Dunlap, he said he was not running a collection agency. This bill has never been paid."

The defendant then introduced Hugh Dunlap as a witness, who testified:

"That he paid off the hands at the brick yard, that Mr. McDonald came to him one day, and said he had a bill against these niggers, 'and I want you to collect it.' I said, 'Do your own collecting; I am not a collecting agency.' Mobbs's only duty was to oversee the workmen, and to see that they worked, and to keep their time."

George A. Leiper testified: That he is president of the Little Rock Brick Works; that he never saw this order sued on, nor heard of it until he saw it in court; that he was the manager of the Brick Works; that neither Mobbs nor Dunlap had any authority to make any contract for the Brick Works or to bind it in any way; that he and Mr. Apperson were not partners, and that neither of them owed Reddick anything whatever; that he did not know Reddick, nor that he worked for the Brick

Works; that he alone had the authority to make contracts for the Brick Works.

This case is here on appeal.

*Eben W. Kimball,* for appellant.

1. The paper filed with the justice of the peace states no cause of action against the appellant. Its name nowhere appears, nor is there any charge that it owes anybody anything. No cause of action having been stated in the·justice's court, the circuit court should have dismissed the ·case. 10 Ark. 306; Kirby's Digest, § § 4682, 4565; 6 Ark. 182.

2. Mobbs, if any one, owes the debt assigned. The proof shows that he had no authority to accept orders for appellant, or to bind it in any manner. There is no evidence that the order was ever assigned by McDonald to Hoyt. Hence McDonald should have been made a party. Kirby's Digest, § 600.

3. The order on Mobbs was not notice to appellant.

HART, J. (after stating the facts). Justices of the peace possess only a special, limited and inferior jurisdiction, and their proceedings must show such facts as constitute a case within their jurisdiction; otherwise the law regards the whole proceed-· ings as *coram non judice* and void. *Levy* v. *Schurman,* 6 Ark. 182; *Latham* v. *Jones,* 6 Ark. 373; *Everett* v. *Clements,* 9 Ark. 478.

The jurisdiction of a justice of the peace over the subject-matter of the controversy is derived from the Constitution, but the mode of proceeding adopted in the case is prescribed by statute.

Section 4565 of Kirby's Digest, regulating the practice before justices of the peace, provides that ordinary actions shall be commenced by summons, but before the summons is issued the plaintiff shall file with the justice the account, or the written contract, or a short written statement of the facts on which the action is founded. In the present case appellant is required by the summons to appear and answer ·the claim of the plaintiff against it. The statement of facts filed, on which the action is founded, makes no reference whatever to any claim or demand against appellant. Not having alleged any claim or demand against appellant, such fact was therefore not in issue.

The order of its co-defendant, A. Reddick, on Geo. Mobbs

to pay Fred W. McDonald a certain sum out of his wages did not serve in any manner to apprise appellant that it was an assignment of wages due by it to appellee. The judgment of the justice of the peace in this case in favor of Joseph Hoyt would not have protected appellant from a subsequent suit by Reddick or by Fred McDonald on the same cause of action. Hence we must conclude that the plaintiff below did not sufficiently comply with the statute, and that the justice acquired no jurisdiction of the case.

The justice having no jurisdiction, it necessarily follows that the circuit court could acquire none by appeal, and should have sustained appellant's motion to dismiss the case for want of jurisdiction.

The judgment is therefore reversed, and the case remanded with directions to dismiss for want of jurisdiction.