FITCH *v.* WALLS.

Opinion delivered November 2, 1925.

1. JUSTICES OF THE PEACE—SUFFICIENCY OF COMPLAINT.—A complaint in a justice's court, in conjunction with an entry on the justice's docket, *held* sufficient, under Crawford & Moses' Dig., §§ 6412, 6427, to state a cause of action for damages to an automobile by reckless driving.

2. PLEADING—CONSTRUCTION.—In determining whether a pleading states a cause of action or defense, every fair and reasonable intendment must be indulged in to support such pleading; and incomplete, ambiguous and defective averments should be corrected by motion to make more definite and certain.

3. PLEADING—CONSTRUCTION OF COMPLAINT—OMISSION OF WORD.—An allegation in a complaint in a justice's court for a damage to plaintiff's automobile that "his was recklessly struck" should by fair intendment be read as alleging that his car, previously mentioned, was recklessly struck.

4. APPEAL AND ERROR—FAILURE TO TREAT DEMURRER AS MOTION.— While the court might very well have treated a demurrer to the complaint as a motion to make it more definite, defendant cannot complain of the failure to so treat the demurrer, since he should have filed a proper motion.

Appeal from Woodruff Circuit Court, Central District; *E. D. Robertson*, Judge; affirmed.

*E. M. CarlLee*, for appellant.

*Jonas F. Dyson*, for appellee.

SMITH, J. Appellee filed in the court of a justice of the peace the following complaint: "Comes plaintiff and for his cause of action herein says that on the 18th day of December, 1923, he was driving his car on the public highway of No. 12, about four miles north of Cotton Plant, and his was recklessly struck by this defendant by his south on·said road and at a rapid and reck-

less rate of speed and damaging in the sum of $75, for which this plaintiff has right of action against defendant. Wherefore, plaintiff prays judgment against defendant in damages for said sum of money and all costs in this action expended, with all other proper relief."

On the filing of this complaint the justice of the peace made the following notation on his docket: "On the 20th day of December, 1923, the plaintiff filed before me a complaint, cause of action against the defendant for $75, as follows, damaging Ford car, caused by recklessly driving. Therefore, a writ of summons was issued against the defendant, returnable on the 31st day of December, 1923."

Judgment was rendered by default in the justice's court, and the defendant appealed to the circuit court, and when the cause came on there for trial the defendant filed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the defendant elected to stand on his demurrer, whereupon judgment was rendered for the plaintiff, and the defendant has appealed.

This appeal questions the sufficiency of the complaint, set out above, and the action of the trial court in overruling the demurrer thereto.

We think the complaint, in conjunction with the entry on the docket of the justice of the peace, met the requirements of §§ 6412 and 6427, C. & M. Digest. By the first of these sections it is provided that ordinary actions before justices of the peace shall be commenced by summons, but before the summons is issued the plaintiff shall file with the justice the account, or the written contract, or a short written statement of the facts on which the action is founded.

By § 6427 it is provided that the pleadings in an action before a justice of the peace may be written or oral, and without verification, but, if oral, the justice shall write down the substance of the cause of action in his

docket, and that all cross-demands or set-offs shall be made, if at all, at the time the answer is put in.

In the case of *Morrison* v. *St. Louis & S. F. R. Co.*, 87 Ark. 424, a suit was brought in the court of a justice of the peace, in which the plaintiff alleged that the railroad company "was indebted to him in the sum of $38 for one cow killed by one of its east-bound mixed trains, on April 16, 1907, about 2 o'clock P. M."

In reversing the action of the trial court in sustaining a demurrer to the complaint, it was said: "Formal pleadings are not required before a justice of the peace, and on appeal to the circuit court a demurrer should not be sustained to the complaint. *Chowning* v. *Barnett*, 30 Ark. 560."

In the case of *Dickerson* v. *Hamby*, 96 Ark. 163, which was a suit begun in the circuit court, it was said: "In determining whether a pleading, complaint or answer makes sufficient allegations to constitute a cause of action or to state a defense, every fair and reasonable intendment must be indulged in to support such pleading. If the averments are incomplete, ambiguous or defective, the proper mode to obtain correction is by motion to make the allegations more definite and certain. If the facts stated in the answer, with every reasonable inference that may be drawn therefrom, constitute a good defense, the demurrer thereto should be overruled. *Cazort & McGehee Co.* v. *Dunbar*, 91 Ark. 400; *Cox* v. *Smith*, 93 Ark. 371."

See also the recent case of *Harnwell* v. *Arkansas Rice Growers Co-Operative Assn.*, ante p. 622.

When these liberal rules for the construction of pleadings which are being considered on demurrer are applied, and especially to a pleading originating in a justice's court, we think the demurrer was properly overruled. By fair intendment the allegation that "his was recklessly struck" should be read as alleging that "his car was recklessly struck," for immediately preceding these words the possessive pronoun "his" had been employed in connection with the noun "car."

Appellant says that his demurrer should have been treated as a motion to make the complaint definite and certain, and should have been sustained as such. The court might very well have treated the demurrer as a motion to make definite, had it been asked to do so, but this motion was not made, and appellant is in no position to complain that the court did not sustain a motion which he did not make. The judgment is therefore affirmed.