PROSSER *v.* ARK. BAPTIST HOSPITAL.

5-3092                                                 372 S. W. 2d 395

Opinion delivered November 4, 1963.

[Rehearing denied December 9, 1963.]

*Robert J. Brown,* for appellant.

*Acchione & King,* for appellee.

SAM ROBINSON, Associate Justice. On December 19, 1957, William B. Moore was admitted, as a patient, to the Arkansas Baptist Hospital. In consideration of the services to be rendered by the hospital to Moore, appellant, Stewart K. Prosser, agreed in writing to pay for such services. When Moore left the hospital on December 24, there was a balance of $87.65 owed for services rendered. The account was not paid.

On June 2, 1959, in an effort to collect, the hospital filed this suit in the North Little Rock Municipal Court. Both Moore and Prosser were named as defendants. On motion of appellant Prosser, the case was transferred to the Municipal Court of Jacksonville. It does not appear from the record that either of the defendants filed an answer, and it does not appear that Moore was served with summons. In fact, the summons was returned by the Sheriff to the Municipal Court marked *"non est"* as to Moore.

On April 24, 1961, the cause came on for trial and judgment was rendered in favor of the hospital against the defendant Prosser. The judgment recites that both Prosser and Moore appeared in person and were repre-

sented by counsel; hence, the fact that Moore was not served with summons is of no consequence. *Nichols* v. *Arkansas Trust Co.*, 207 Ark. 174, 179 S. W. 2d 857; *Purnell* v. *Nichols*, 173 Ark. 496, 292 S. W. 2d 686; *Austin* v. *Hemphill*, 170 Ark. 945, 282 S. W. 1.

On August 11, 1961, the judgment of April 24 was set aside by the Municipal Court on motion of Prosser, and another judgment was entered against both Moore and Prosser. There was an appeal by Prosser to the Circuit Court, but it does not appear that Moore appealed. The trial in Circuit Court resulted in a judgment in favor of the hospital against Prosser, and he has appealed to this court.

It is appellant Prosser's contention that he merely signed the agreement to pay the hospital as security for Moore and that it was the duty of the hospital, as provided by Ark. Stat. Ann. § 34-333 (Repl. 1960), to commence suit against the alleged principal debtor, Moore, and prosecute such suit to a conclusion. It appears from the record before us that the hospital did the very thing that appellant contends it should have done. The record shows that not only did the hospital name Moore as a party defendant in this case, but actually secured a judgment against him in the Jacksonville Municipal Court.

Affirmed.

HARRIS, C. J., disqualified and not participating.