EVANS *v.* PETTUS.

Opinion delivered April 27, 1914.

1. EQUITY—PRACTICE—DEMURRER—EXHIBITS.—In a suit in equity, the exhibits may be looked to on demurrer for the purpose of testing the sufficiency of the allegations of the complaint. (Page 578.)

2. CONTRACT—CANCELLATION—FRAUDULENT PROCUREMENT — SUFFICIENCY OF ALLEGATION.—Appellant contracted with appellee to permit appellee to use appellant's brick wall in the construction of an adjoining building. In an action by appellant to require appellee to cut loose from said wall and for damages, a complaint which alleges misrepresentation on the part of appellee is demurrable, which fails to state that appellant relied upon the representations, had no opportunity to investigate, or was induced to execute the contract without reading it. (Page 579.)

3. CONTRACTS—DAMAGES—LIMITATIONS.—Damages arising under a contract to permit appellee to use appellant's wall in the construction of a building, are original, and begin to run when the building is

negligently constructed, and attached to the wall, and an action for damages for such negligent construction is barred by the three-year statute of limitations. Kirby's Digest, § 5064, subdiv. 2. (Page 580.)

4. LIMITATION OF ACTIONS—DEFENSE ON DEMURRER.—The bar of the statute may be pleaded by demurrer in an action in the chancery court, when the complaint shows affirmatively that the period of limitation has elapsed since the accrual of the cause of action. (Page 580.)

5. INFANTS—LANDS—CONTROL.—Where a mother, by the will of her husband, is given the "use and control" of her minor children's interests in certain lands devised by the husband, she has only the management for the benefit of her children, it being in the nature of a trust, and the words used are insufficient to confer authority upon her to convey the property or any interest therein. (Page 580.)

6. PARTY WALL—GRANT OF USE OF—EASEMENT.—The grant of the use of a wall to an adjoining owner constitutes an easement. (Page 580.)

7. EASEMENT—AUTHORITY TO CONVEY.—An easement is an interest in land, which can be conveyed for the owner thereof only upon express authority. (Page 581.)

8. EASEMENTS—RIGHT TO—CO-TENANTS.—One co-tenant can not convey an easement, which shall affect the rights of another co-tenant, without the latter's consent. (Page 581.)

9. EASEMENTS—GRANT OF BY CO-TENANT.—A mother who is co-tenant with her minor children in certain land, can not convey an easement thereon, binding upon the children, when she has not been appointed guardian, and has not the power under the will under which they all take, and when she attempts to make such conveyance, the minors may prevent an encroachment on their property. (Page 581.)

10. PARTY WALL—ENCROACHMENT.—The use of a wall on land belonging to A. by B., an adjoining land owner, amounts to a permanent encroachment, whether it results in actual damage or not, and A. is entitled to equitable relief to prevent it. (Page 581.)

11. ENCROACHMENT—EQUITABLE REMEDY.—Actual damages are unnecessary in order to prevent a permanent encroachment upon plaintiff's premises, and the legal remedy for damages being inadequate, equity will afford relief by preventing the encroachment. (Page 581.)

12. EQUITY JURISDICTION—INJUNCTION—DAMAGES.—Where equity has taken jurisdiction to compel the withdrawal of an encroachment on plaintiff's land, equity will give complete relief by awarding damages also. (Page 581.)

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed in part; affirmed in part.

*J. W. Story,* for appellants.

1. If the complaint states any cause of action within the jurisdiction of the chancery court, it should have retained jurisdiction and granted complete relief. 87 Ark. 210; 92 Ark. 28; 99 Ark. 438; 75 Ark. 52.

The allegations of the complaint make a case for rescission and cancellation of the alleged contract, within the jurisdiction of the chancery court. 96 Ark. 263; 1 Pomeroy's Eq. Jur. (3 ed.), § § 170-2; 4 Pomeroy's Eq. Jur. (3 ed.), § 1377; 24 Am. & Eng. Enc. of L. (2 ed.) 627-8; 10 N. J. Eq. 146; 114 Fed. 395; 140 Pa. St. 510.

The contract, as to the interest of the minor appellants, is a nullity; but, being an entire and indivisible contract, it is void as to all the appellants. 90 Ark. 272; 81 Ark. 549.

Specific performance of the contract is impossible, hence rescission should be decreed. 24 Am. & Eng. Enc. of L. (2 ed.) 611, 612; 50 Wis. 625.

2. The chancery court had jurisdiction because of the allegation of the minority of the appellants, John Cecil Blanton and Annie Mabel Blanton, and should have granted relief. 33 Ark. 425; 53 Ark. 45; 85 Ark. 106.

3. Equity has inherent exclusive jurisdiction of trusts, whether express, implied or resulting, and over trustees, independently of statute. 45 Ark. 482; 50 Ark. 71; 101 Ark. 455.

4. The injury alleged, and the wrong being committed, is a continuous one, for which there is no adequate remedy at law. Appellee's entry, however wrongful, was by the consent of the tenant in common, who was trustee for the other tenants. Equity looks to the facts and will not permit a wrong to go without a remedy. 30 Am. & Eng. Enc. of L. (2 ed.) 290; 83 Ark. 150; 95 Ark. 21; 22 Cyc. 834; 95 Ark. 246; 5 Pomeroy's Eq. Jur., § 514; 93 Ark. 392; 92 Ark. 260; 95 Ark. 23.

5. On finding that the complaint stated a cause of action at law for damages, it was error for the court to dismiss the complaint for want of equity, with leave to bring a suit at law. Kirby's Dig., § § 5991-1282; 73 Ark. 462; 87 Ark. 211; 74 Ark. 484; 82 Ark. 51; 85 Ark. 208; 88 Ark. 106; 77 Ark. 238.

6. The allegations of the complaint show that appellee is so using her interest in the wall as to injure and destroy the property of appellants, and to deprive them of the use thereof. This affords grounds for equitable jurisdiction. 92 Ark. 538; 95 Ark. 23; 83 Ark. 153; 22 Cyc. 834; Cooley on Torts (2 ed.) 440, 722, 723.

*R. J. Williams,* for appellee.

1. The allegation in the complaint of misrepresentation and overpersuasion, or undue influence, is a mere conclusion. The means of information with reference to the property was as accessible to the appellant as to the appellee, and, such being the case, both will be presumed to have informed themselves, and, if they have not done so, they must abide the result of their own carelessness. 31 Ark. 170; 30 Ark. 686; 11 Ark. 58; 26 Ark. 28; 19 Ark. 522; 47 Ark. 335.

Unless the representations were not only false and fraudulent and made with intent to mislead the vendor, but also such as could not have been discovered to be such by reasonable care and diligence, and were rightfully relied upon in the belief that they were true, the vendor has no right of rescission. 46 Ark. 245. The remedy at law is adequate and complete; but if it were not, appellant, having made no offer to place appellee *in statu quo,* nor to return any part of the consideration, is in no position to invoke the aid of equity. 25 Ark. 196; 6 Pomeroy's Eq. Jur., § 688; 53 Ark. 16.

Mere inadequacy of consideration is no ground for the cancellation of a contract. 23 Ark. 737.

2. Appellant is in no position to urge that the act of appellee in entering into the contract was a fraud upon the rights of the minor plaintiffs, because their rights and

her authority were as well understood by the mother as by appellee, and she was an active participant in whatever fraud was committed. She owns an undivided half interest in the wall, and under the will has the use and control of the other half until the minors are of age. It is such a contract as the law authorizes. The probate court has authority to order its execution for the benefit of the estate of the minors.

McCulloch, C. J.   Appellants, Mary E. Evans and her two children, John Cecil Blanton and Annie Mabel Blanton, the latter being infants, suing by their next friend, the said Mary E. Evans, instituted this action in the chancery court of St. Francis County against appellee, Jennie Lou Pettus, to restrain the latter from using a certain brick wall constituting a part of a building situated on a lot owned by appellants in Forrest City and requiring appellee to cut loose from said wall, and to recover damages alleged to have been sustained by use of the wall by appellee. It is alleged in the complaint that appellants are the owners of the building and lot on which it is situated, under the will of James P. Blanton, a half interest therein being devised to Mary E. Evans, the widow of James P. Blanton, and an undivided fourth interest therein to each of said children, John Cecil Blanton and Annie Mabel Blanton; that on March 2, 1909, said Mary E. Evans entered into a written contract with appellee whereby she agreed to execute a deed to appellee conveying a half interest in the east wall of the building on said lot, the same to be used by appellee as part of a brick building she was then about to construct on an adjoining lot owned by her, and also undertook to obtain the interests of said infant owners and procure an order of the probate court authorizing the conveyance of the interests of said infants. It is further alleged that the signature of Mrs. Evans to said contract was procured by appellee and her agents "by misrepresentation as to the value of said wall and as to the nature of the contract," and that the consideration named therein was grossly inadequate. It is also alleged that plaintiff had

no power or authority to convey the interests of said infants or to contract with reference thereto, and that the contract was void as to their interests. The complaint also contains an allegation that immediately after the execution of said contract on March 2, 1909, appellee "took possession of the east half of said brick wall of plaintiffs along the east line of their said lot 9 in block 16 aforesaid, and attached a building thereto, making plaintiffs' said wall a part thereof; that the said defendant cut into plaintiffs' wall and put her joists and sleepers therein so as to support the upper and lower floors of her said building, and also attached her roof thereto, and has been so using plaintiffs' said wall from the date of said pretended contract hitherto; that said defendant has attached her said building to and used plaintiffs' said wall in such a manner and so unskillfully as to greatly damage plaintiffs' said wall and their said building, and so as to cause said wall to spring and to be out of plumb, and so as to cause the roof on their said building to leak, and so as to break the windows and otherwise damage their said brick building, and they aver that if said defendant is permitted to continue to so use said wall that plaintiffs' said wall and building will be still further and more greatly damaged thereby."

Damages are laid in the sum of $1,000, and recovery of that amount is sought in addition to the other relief.

A copy of the will of James P. Blanton is exhibited with the complaint, and, after making certain minor bequests in money, the bulk of the estate is devised and bequeathed as follows:

"*Fourth.* I give, devise and bequeath to my wife, Mary Elizabeth Blanton, one-half (½) of all the residue of my estate, real, personal, or mixed and wherever situated, to my son, John Cecil Blanton, one-fourth (¼) of the said residue of my estate, and to my daughter, Annie Mabel Blanton, one-fourth (¼) of said residue of my estate.

"*Fifth.* It is expressly understood that my wife, Mary Elizabeth Blanton, shall have the use and control

of such portion of said estate that I have hereinbefore
bequeathed to my said son, John Cecil, and my said
daughter, Annie Mabel, until said son and daughter be-
come of age respectively, at which time my said wife
shall pay to my said son his portion of said estate and
to my said daughter her portion of said estate.

"*Sixth*. I hereby direct that the homestead (resi-
dence property) located in Forrest City, County of St.
Francis and State of Arkansas, shall be included as a
part of said one-half of my estate bequeathed to my said
wife."

A copy of the aforesaid contract entered into be-
tween Mrs. Evans and appellee is also exhibited. The
contract provided, in substance, that Mrs. Evans sold to
appellee a half interest in the afore-described brick wall
for the sum of $353, payable when she should deliver a
warranty deed for her individual interest in said wall,
and also her deed as guardian for her two children, Annie
Mabel Blanton and John Cecil Blanton, which said deed
was to be approved by the probate court of St. Francis
County. The contract also provided that appellee could
at the time of the execution of the contract, take posses-
sion of said half interest in said wall and proceed with
the work of joining her building thereto.

The court sustained a demurrer to the complaint,
holding that it failed to state a cause of action of equit-
able cognizance, but that a cause of action at law for re-
covery of damages was stated. Appellants declined to
plead further, and the court dismissed the complaint for
want of equity.

This being a suit in equity, the exhibits may be
looked to on demurrer for the purpose of testing the suf-
ficiency of the allegations of the complaint.

It appears that James P. Blanton owned a lot in
Forrest City, on which there was a brick store building,
and appellee, Mrs. Jennie Lou Pettus, owned an adjoin-
ing lot, which was vacant. Blanton died, leaving a last
will and testament, a copy of which is exhibited with the
complaint, whereby he devised all of his property, one-

half to his wife, Mary E. Blanton (now Evans), and the other half equally between his two children, who are still minors. The will provides that the widow "shall have the use and control" of the portion of the estate devised to the children until each should become of age, and then his or her portion should be set aside and paid over.

After the death of Blanton appellee decided to construct a brick building on her lot and obtained from Mrs. Evans the contract set out above in which she agreed to sell her a half interest in the brick wall and undertook to procure an order from the probate court directing her, as guardian, to convey the interest of the children in the brick wall. It is not alleged that Mrs. Evans had ever been appointed as guardian. In fact, the complaint alleges affirmatively that the children have no regular guardian, and they sue by their next friend.

Mrs. Evans seeks relief on the ground of fraudulent misrepresentation on the part of appellee, or her agents, in procuring the contract, and gross inadequacy of consideration, and she also seeks to recover damages for negligence in construction of appellee's building and cutting into the wall, whereby the building of appellants was damaged.

The other two appellants seek relief on the ground that said contract did not affect their interests in the building or wall, their mother having no authority to convey their interests, and that the use of the wall constituted an encroachment upon their rights which equity should restrain.

We are of the opinion that the court was correct in sustaining a demurrer as to the cause of action of Mrs. Evans. Her allegations as to fraudulent misrepresentations are so vague that they amount only to conclusions of law and are entirely insufficient to state a cause of action. The only allegation is that appellee induced her to execute the contract "by misrepresentation as to the value of said wall and as to the nature of the contract." There is no allegation that she relied upon these representations; or that she had no opportunity to investigate

for herself; or that she was induced to sign the contract without reading it.

The statement in the complaint that the contract was induced by misrepresentation is not sufficient to state a cause of action for cancellation or rescission of the contract, and the chancellor was correct in holding the complaint to be insufficient.

The cause of action of Mrs. Evans for damages on account of negligent method of using the wall is, according to the statement of the complaint, barred by the statute of limitations, the action not being commenced within three years after the accrual of the cause of action. Kirby's Digest, § 5064, subdiv. 2.

The damages were, according to the allegations of the complaint, original, and the statute began to run when the new building was negligently constructed and attached to wall.

The bar of the statute may be pleaded by demurrer in an action in the chancery court where the complaint shows affirmatively that the period of limitation has elapsed since the accrual of the cause of action. *Mueller* v. *Light,* 92 Ark. 522.

The question relating to the rights of the two infant plaintiffs has given us more concern.

They are cotenants of their mother, Mrs. Evans, until the property is divided according to the terms of the will. Mrs. Evans is, by the terms of the will, given the "use and control" of her children's interests, but she is to account to them and has no beneficial interest in the property except the half interest devised to her under the will. *Wyman* v. *Johnson,* 68 Ark. 369.

The effect of the will was only to give her the management for the benefit of her children, it being in the nature of a trust, and the words used are not sufficient to confer authority upon her to convey the property or any interest therein.

The grant of the use of the wall to an adjoining owner constituted an easement. 30 Cyc. 772.

This is an interest in the land which requires express authority from the owner to convey.

The cotenants can not create an easement so as to confer any rights capable of assertion against the other owners. Washburn on Easements and Servitudes (4 ed.) 46; Freeman on Cotenancy (2 ed.), § 185.

It follows that the contract executed by Mrs. Evans could not, and did not, affect the interests of her two children, and they may resort to any remedy afforded under the law to protect their interests and to prevent encroachment upon their property.

The use of the wall amounts to a permanent encroachment, whether it results in actual damage or not, and they are entitled to equitable relief to prevent it. *Trulock* v. *Parse,* 83 Ark. 149.

The owner of a building does not have to show actual damages in order to prevent a permanent encroachment upon his premises. He has the right to resist such encroachment, and there being no remedy at law save to recover damages, which is inadequate, a court of equity should afford relief by preventing the encroachment.

In this case, however, the complaint alleges a state of facts which establishes a wrongful encroachment upon the premises and also shows damage to the premises resulting therefrom, and it was within the jurisdiction of the court of equity to grant relief by compelling the wrong-doer to withdraw the encroachment, and the court having taken jurisdiction for one purpose, will give complete relief by awarding damages.

The infant plaintiffs are not remaindermen, and their interests are not contingent in this case; but even if they were, a court of equity will grant relief to protect the interests of remaindermen, whether vested or contingent. *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18.

Our conclusion, therefore, is that the complaint stated a cause of action on behalf of the infant plaintiffs and that the court erred in sustaining the demurrer. The

decree is affirmed as to the cause of action of Mrs. Evans; but as to the others, it is reversed and the cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.