The judgment against the other appellants will be affirmed.

St. Louis, Iron Mountain & Southern Railway Company
v. Cooper & Ross.

Opinion delivered November 8, 1915.

1. CARRIERS—INJURY BY FIRE TO PROPERTY ON CARRIER'S RIGHT-OF-WAY—CONSENT.—Where property is placed upon the right-of-way of a railway company without the consent of the company, or solely upon the condition that the company shall not be liable for injury by fire, then there is no liability on the part of the company for such injury.

2. PLEADING AND PRACTICE—AMENDMENT OF ANSWER DURING TRIAL—DISCRETION.—Where defendant in a civil action for damages, filed its answer before a certain term of court, and the cause was continued until the next time, it is not an abuse of its discretion of the trial court to refuse to permit the defendant to amend its answer setting up an entirely new defense to plaintiff's action, during the trial of the cause.

3. PLEADING AND PRACTICE—OPENING STATEMENT—AMENDMENT TO THE ANSWER.—In his opening statement counsel for defendant addressed the jury upon matters not pleaded in his answer. This the court permitted to be done, but during the trial, in a proper exercise of its discretion, the court refused to permit defendant to amend its answer and set up the defense referred to. *Held,* the action of the court, in the proper exercise of its discretion, is not cause for a reversal of a judgment against the defendant, in the absence of a showing that the defendant was prejudiced in any way by the court's rulings.

4. Pleading and practice—affirmative defense.—An affirmative defense, to be availing, must be pleaded.

5. Carriers—damage to property on right-of-way by fire—defense.— Under the Act 141, Acts 1907, a railroad company is responsible for an injury to property by reason of fire communicated from engines, or otherwise, on the right-of-way, and when plaintiff's property has been destroyed on defendant's right-of-way by fire, it is necessary for defendant to plead the fact that the plaintiff was a trespasser, if it desired to set that forth as a defense.

6. Railroads—damage by fire—attorney's fees.—Act 141, page 336, Acts 1907, imposing upon railroad companies the payment of an attorney's fee, in actions brought against them for damages growing out of an injury to property set on fire by the operation of a train, held constitutional.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; affirmed.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellant.

1. The court erred in excluding the amended answer and testimony offered in support thereof. The amendment, and the testimony offered in support of it, was material to appellant's defense, and could not have been prejudicial to appellees as a matter of surprise. Its exclusion was clearly an abuse of discretion. Kirby's Digest, § 6145; Act 141, Acts 1907, § 1.

The testimony offered tended to prove that appellees were trespassers in placing their property on appellant's platform without its consent and over its objections. If the liability of the railroad company for the destruction of property by fire be classed as that of an insurer, it would be unreasonable to hold that the statute contemplated that such liability should be created in favor of a trespasser, even though the statute does not expressly exempt such a case. 3 Clifford 244; 19 Cyc. 381; 3 Elliott on Railroads, § 1235; 52 So. 406.

The offered evidence may be considered as material for the reason also that there is an exception, recognized by this court, to the statute making railroads liable for damages caused by fires set out by their locomotives, namely, the contributory negligence of the owner which is so gross as to amount to fraud. 105 Ark. 374; 104 Ark. 88; 57 N. H. 132; 3 Col. App. 526; 61 N. E. 141.

It was material for the further reason that it is shown that when the company's rule was called to appellee's attention, and he was told that if he placed the cotton on appellant's platform, he would do so at his own risk, to which he replied that it would be as safe there as at his gin lot, and he would place it on the platform anyway. He therefore assumed the risk of the cotton being burned and agreed that the company should not be liable. 77 Vt. 334, 70 L. R. A. 930; 77 S. C. 464; 69 S. E. 291; 44 L. R. A. (N. S.) 1129, note; 75 S. W. 149.

2. The court erred in allowing an attorney's fee against the appellant. The statute under which the allowance was made, is unconstitutional, being a discrimination against railroad companies, and in depriving them of the equal protection of the laws in violation of the Fourteenth Amendment. 165 U. S. 150; 224 U. S. 354; 56 L. Ed. 799.

*McMillan & McMillan,* for appellees.

1. Appellant might have pleaded the defenses set up in the amended answer when it filed its original answer wherein it merely denied that the fire was caused by the train alleged in the complaint. Appellant knew of these other defenses at that time, and it was its duty to plead them then. Kirby's Digest, § 6098; 108 Ark. 246; 46 Ark. 136; 70 Am. Dec. 692-698.

The court did not abuse its discretion in refusing to permit the appellant to file the amended answer, attempting in this manner to raise new issues, after the case had gone to trial, and that trial was half over. 75 Ark. 468; 104 Ark. 286; 88 Ark. 185, 186.

2. The facts set up in the amendment do not constitute a defense. By the act, railroad companies are made absolutely liable for destruction or injury to property caused by fire from their locomotives, and it makes no exceptions. Act 141, Acts 1907; 89 Ark. 418; 165 U. S. 1; 104 Ark. 88.

3. Under the act there was no error in allowing an attorney's fee. This court has already sustained the con-

stitutionality of the act in this respect. 112 Ark. 298. See, also, 92 Ark. 569.

McCulloch, C. J. The plaintiffs, Cooper & Ross, are merchants at Okolona, Arkansas, and they instituted this action against the defendant railway company to recover damages on account of the injury by fire to a certain number of bales of cotton on the station platform at Okolona, it being alleged that the fire was communicated to the cotton by sparks escaping from the engine. The cotton was not totally destroyed, but was considerably burned, and the evidence is sufficient to establish damages to the extent indicated by the verdict. The evidence is also sufficient to warrant the inference that the fire was caused by sparks from a passing engine. Indeed, it is not contended in the argument here that the evidence is insufficient on that issue, or that the verdict is unsupported with respect to the amount of the recovery.

The contention now is that the court erred in excluding the proffered defense that the plaintiffs wrongfully put their cotton on the station platform, contrary to the rules of the company and over the protest of the company's agent, and that the plaintiffs were trespassers in so doing, and can not recover for the damage done to the property on account of the fire. It is alleged in the complaint that plaintiffs had placed the cotton "on the defendant's platform at Okolona, and along and near defendant's tracks, for shipment over its railroad," and that while the cotton was upon the platform it was set fire by sparks emitted from the engine. The answer contains denials that the plaintiffs were the owners of the cotton described in the complaint, or that it was of the weight and value mentioned in the complaint, "or that plaintiffs had placed the same on defendant's platform at Okolona for shipment over defendant's road." The answer contains a further denial that sparks or cinders escaped from the engine, or that the fire was communicated to the bales of cotton in that way.

In opening the case before the jury, counsel for the defendant stated that the evidence in the case would show

that plaintiff's cotton was put upon defendant's platform without the latter's consent and without any order for shipment, and without any bill of lading, and that plaintiffs had been notified at the time and before the cotton was placed on the platform not to put it there until it was ready for shipment, and until they were ready to give orders for shipment, and that if they put it there it would be at their own risk. Counsel for plaintiffs objected to that argument for the reason stated that such proof would be immaterial, and also that no such defense was pleaded in the answer. The court overruled the objection to the argument, and the trial proceeded.

In the midst of the trial, counsel for defendant asked leave to file an amendment to the answer, expressly and specifically setting up as a defense to the action that plaintiff puts the bales of cotton on the platform before they were ready to ship them and without giving the company's agent shipping orders; that the company had a rule, of which the plaintiffs were apprised, that delivery of cotton at the station was not permitted unless at the time of the delivery shipping orders were given, and that "all persons delivering cotton without shipping directions would do so at their own risk," and that the company would not be responsible for any loss or damage to the cotton from whatever cause arising while at or about the station. The amendment also contained an allegation that the plaintiffs were especially warned by the company's agent that if the cotton was put on the platform, it would be at their own risk, and were warned not to put it there. The court refused to permit the amendment to be filed, and exceptions were duly saved. Defendant thereupon offered proof in support of the matters set up in the amendment to the answer, but the court refused to permit the testimony to be introduced; and, in submitting the case to the jury, refused to give instructions requested by defendant covering that defense.

(1) It is insisted by counsel for plaintiffs that the matters set up in the amended answer and the proof in support thereof do not constitute a defense to this action,

and that for that reason, if for no other, the court was correct in refusing to admit the same when offered. We are unable to agree with counsel on that proposition, for we are of the opinion that those matters, if established, would have constituted a defense. The substance of the plea, which the proffered evidence tended to support, was that the property of the plaintiffs was placed on the premises of the railway company without the latter's consent and in violation of its rules and over the protest and warning of the company's station agent. Under those circumstances, the company was not responsible for injuries inflicted by reason of fire communicated from the engine. Our statute* on the subject in terms makes a railroad company in this State liable "for the destruction of or injury to, any property, real or personal, which may be caused by fire, or result from any locomotive, engine, machinery, train, car, or other things used upon said railroad, or in the operation thereof," etc. But it would be an unreasonable construction to place upon the statute to hold that it created a liability which arose from the wrongful act of the owner in putting the property on the company's premises without the latter's consent. The statute was intended to protect the property of persons while proceeding within their rights and keeping their property where they have the lawful right to keep it. It was not intended to protect one who has exceeded his rights and who is a trespasser upon the premises of the railway company. The authorities on the subject sustain the view that where property is placed upon the right-of-way of a railway company without the company's consent, or solely upon the condition that the company shall not be liable for injury by fire, then there is no liability on the part of the company for such injury.

Mr. Elliott states the law on the subject as follows: "It frequently happens that property of third persons located on the railway right-of-way is destroyed by fire communicated by locomotives of the company using the right-of-way. In cases of this kind, the railway company is sometimes liable, and sometimes not. The test of lia-

---
* Act 141, page 336, Acts 1907.

bility is generally whether or not the property situated on the right-of-way was rightfully there. If the owner of the property is a mere trespasser, and placed his property on the right-of-way without the consent of the railway company, he can not recover for its negligent destruction by fire." 3 Elliott on Railroads, section 1235.

The following authorities are in point on this subject, and sustain the view we have announced: *Alabama Great Southern Ry. Co.* v. *Demoville,* 167 Ala. 292, 52 So. 406; *German American Insurance Company* v. *Southern Railway,* 77 S. Car. 467; *Checkley* v. *Illinois Central Ry. Co.,* 257 Ill. 491, 44 L. R. A. (N. S.) 1129; *Osgood* v. *Central Vermont Rd. Co.,* 77 Vt. 334, 70 L. R. A. 930; *Hartford Fire Insurance Co.* v. *Chicago, etc., Ry. Co.,* 175 U. S. 91.

This is the rule concerning the liability of a railway company under general principles of law making a carrier liable for negligence, as well as under statutes similar to the one in this State, imposing an absolute liability upon railway companies for damage by fire communicated from a locomotive. The decisions of this court since the passage of the statute now under consideration tend to support this view. *Evins* v. *St. Louis & San Francisco Rd. Co.,* 104 Ark. 79; *Kansas City So. Ry. Co.* v. *Harris,* 105 Ark. 374. In both of those cases, the principle seems to have been recognized that the owner of the property would be protected by the statute only so long as he was acting within his rights.

(2) While the amendment to the complaint, which was offered during the progress of the trial, stated a good defense, we can not say that the court under the circumstances abused its discretion in refusing to permit the additional defense to be interposed at that time. The defendant was not entitled, as a matter of right under the statute, to file the defense during the progress of the trial. *Patrick* v. *Whitely,* 75 Ark. 465. It was a matter within the sound discretion of the court whether under the circumstances the pleadings should be allowed to be amended at that time. The action was instituted on August 3, 1914, ten days prior to the first day of the suc-

ceeding term, and on August 27, 1914, the defendant filed
its answer, and the case was continued until the next term
of the court, and the trial was begun on February 10,
1915, at which time the defendant offered to amend the
pleadings. We can not say that the court abused its dis-
cretion in refusing to permit the amendment to be made
at that time. The defendant had had full opportunity to
ascertain the facts constituting its defense to the action.
The matters set up in the amended answer were entirely
within the knowledge of the company's own agents, and
it can not be said that it was a matter which could not
have been anticipated by the company or ascertained at
an earlier moment.

(3) It is argued that the ruling of the court in re-
fusing to permit the amended answer to be filed was in-
consistent with the court's ruling at the beginning of the
trial when objection was made to a statement of the same
facts by the attorney for the defendant in his opening of
the case. It is true there is an apparent inconsistency in
the two rulings, but the first ruling of the court refusing
to exclude the statement of the attorney was not a final
decision upon the question of the right of the defendant
to introduce the testimony, and it is manifest that the
court reached the conclusion when the amended answer
was filed that the matters therein set forth were not em-
braced within the original answer, and that it was too
late to amend the pleadings. If the defendant had been
put at any disadvantage by reason of the change in the
views of the trial judge, then it would have been an abuse
of discretion to exclude the amendment, but we can not
see that the defendant was prejudiced in any way by the
change of the court's views, if there was in fact a change.
If the court had sustained the objection of plaintiff's
counsel to the opening statement of defendant's counsel,
and had ruled at that time that the additional defense
could not be tendered by way of an amendment, we can
not say that that would have been an abuse of the court's
discretion, for, as before stated, defendant had had am-
ple time to present its defense and had in fact filed its

answer at a former term of the court, and the trial had begun upon the defenses tendered by the original answer. In other words, if the court, at the time the objection to the opening statement was made, had excluded the statement and refused to allow an amendment of the answer, the defendant would have been in no better attitude than it was at a subsequent stage of the proceedings when the amendment was tendered.

(4-5)   It is further insisted by defendant's counsel that the original answer was sufficient to raise this issue, and that even without the amendment the defendant was entitled to introduce the proof tending to show that plaintiffs had placed their property on the company's premises contrary to the rules, and over the protest of the company's agent. We do not, however, think that the answer is sufficient to raise that defense. It was an affirmative defense which was necessary for the company to plead in order to get the benefit of. It is true the complaint stated that the cotton was "placed on the defendant's platform at Okolona and along and near defendant's tracks for shipment over its railroad," but that constituted a mere specification as to the location of the property, and that statement was necessary to apprise the defendant of the location of the property and put it upon defense; but the further statement that it was placed there for shipment was surplusage. The statute in unequivocal terms declares that railroad companies shall be responsible for injury to property by reason of fire communicated from engines, or otherwise, on the right-of-way, and in a suit under this statute it is only necessary to follow the language of the statute and give a description of the location of the property so as to apprise the company of the charge which it is called upon to answer. It was unnecessary for the plaintiff to set forth the facts showing the right to have the property situated at that place, either on or off the right-of-way, and it was necessary for the defendant to plead the fact that the plaintiffs were trespassers if it desired to set that forth as a defense. The denial in the answer "that plaintiffs had placed the cot-

ton on defendant's platform at Okolona for shipment over defendant's road" constituted a negative pregnant, under the rules of pleadings either at common law or under the code. *J. I. Porter Lumber Co.* v. *Hill,* 72 Ark. 62. The statement merely constituted a denial that the cotton was placed there for shipment, and it was not sufficient to affirmatively present the issue that plaintiff's property was put there wrongfully. Our conclusion, therefore, is that this defense was not properly raised, and that there was no error committed by the court in refusing to allow testimony in support of that issue or to submit it to the jury.

(6) The only remaining contention is that this statute, insofar as it imposes the payment of an attorney's fee upon the railroad company, is unconstitutional. We have already declared the statute to be valid in that respect. *Cairo, T. & S. Rd. Co.* v. *Brooks,* 112 Ark. 298. In thus deciding the question, we followed the decision of the Supreme Court of the United States in the case of *A., T. & S. F. Rd. Co.* v. *Matthews,* 174 U. S. 96. It is now argued that the more recent decision of the Supreme Court of the United States in *St. Louis, I. M. & S. Ry. Co.* v. *Wynne,* 224 U. S. 354, in effect overrules the former decision and declares the statute to be unconstitutional in so far as it gives the right to recover attorney's fees where there is a recovery for an amount less than the sum demanded in the complaint. We do not, however, think that that is the effect of the decision in the Wynne case. That case arose under a statute requiring railroad companies to make prompt payment for the settlement of claims for stock killed in the operation of trains, which is an altogether different statute from the one now under consideration. In *A., T. & S. F. Ry. Co.* v. *Matthews, supra,* the court had under consideration a Kansas statute which was almost identical with our statute so far as concerns the recovery of attorney's fees. In disposing of the case, Judge Brewer, speaking for the court, said: "The purpose of this statute is not to compel the payment of debts, but to secure the utmost care on the part

of railroad companies to prevent the escape of fire from their moving trains. This is obvious from the fact that liability for damages by fire is not cast upon such corporations in all cases, but only in those in which the fire is 'caused by the operating' of the road.'' The point directly involved in that case was whether or not the act of the Legislature imposing attorney's fees was constitutional, and the Supreme Court of the United States upheld the constitutionality of the act. Further discussion of the point is therefore unnecessary.

Judgment affirmed.