WILLIAMS *v.* MEMPHIS, DALLAS & GULF RAILROAD COMPANY.

## Opinion delivered March 25, 1918.

1.  PLEADING AND PRACTICE—DEMURRER—SUFFICIENCY OF COMPLAINT.—A demurrer will not lie to a complaint or petition if the facts necessary to constitute a cause of action are sufficiently but imperfectly stated; if the allegations are imperfect, incomplete or defective, the remedy is by motion to make more definite and certain.

2.  PLEADING AND PRACTICE—MANDAMUS—ALLEGATIONS IN PETITION.—Appellee held a judgment against appellant, the directors of a school district, and brought mandamus to compel the payment thereof. *Held,* appellee's petition was not defective because it failed to set out the court in which the judgment was procured. The judgment is the foundation of the action, and not the court in which it is procured.

3.  PLEADING AND PRACTICE—MANDAMUS—PETITION.—Where mandamus is brought to enforce the payment of a judgment against a school board, it is sufficient under Kirby's Digest, sec. 6128, to state the substance of the judgment in the petition for mandamus, and the failure to file the written judgment is not ground for demurrer.

4.  JUDGMENTS—VALID BETWEEN THE PARTIES.—A judgment, valid on its face, is binding between the parties until modified or set aside.

5.  PLEADING AND PRACTICE — MANDAMUS — JUDGMENT AGAINST A SCHOOL BOARD.—The holder of a judgment against the board of directors of a school district, the judgment being valid on its face, may enforce the same by mandamus.

6.  SCHOOL DISTRICTS—JUDGMENT CREDITOR.—The holder of a valid judgment against the directors of a school district is entitled to a warrant for the amount thereof, although the district is without funds in the treasury to pay the same.

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

The appellants *pro sese.*

The petition is fatally defective. It is not alleged in what court the judgment was obtained. No copy of the judgment was filed. It is not alleged that the judgment was founded upon a debt for the payment of which the school funds were liable or that there was money on hand on which a warrant could be drawn. 85 Ill. 484; 31 L. R. A. 350; 26 Ark. 482; 54 *Id.* 446; 16 *Id.* 193; High on

Ext. Legal Rem. ·(2 ed.) 278, 286, 295. The demurrer should have been sustained.

*J. G. Sain,* for appellee.

The demurrer was properly overruled. All necessary allegations were made and the petition was good on demurrer. It advised appellants of its demands and the relief sought.

HUMPHREYS, J. Appellee filed petition against appellants in the Howard circuit court for a writ of mandamus commanding the directors of School District No. 62, in Howard County, to issue it a warrant for $130.75. It was alleged that appellee obtained a judgment for that amount against said school district on the 3d day of October, 1916, and that the school directors of the district had neglected, failed and refused to issue warrants for said sum to appellee.

Appellants demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and appellants refused to plead further, whereupon the court ordered the clerk to issue a writ of mandamus directing or commanding appellants to issue their warrants on the treasurer of Howard County, Arkansas, for the sum of $130.75, with interest thereon from the 3d day of October, 1916, to the date of issue at the rate of six per cent. per annum, and to deliver same to appellee. From that judgment an appeal has been prosecuted to this court.

(1-2) It is insisted that the petition was fatally defective. The first defect pointed out consisted in the failure to allege in what court the judgment was procured. It was alleged that a judgment for $130.75 was obtained against said district by appellee on the 3d day of October, 1916. The judgment was the foundation of the action, and not the court in which it was obtained. The failure to set out the particular court in which it was obtained related to the form only, and not to the substance of the cause of action. This court is committed to the rule that a demurrer will not lie to a complaint or petition if the

facts necessary to constitute a cause of action are sufficiently but imperfectly stated. If the allegations are imperfect, incomplete or defective, the remedy is by motion to make more definite and certain. *Bushey. v. Reynolds,* 31 Ark. 657; *Choctaw, Okla. & Gulf Ry. Co. v. Doughty,* 77 Ark. 1.

(3) The second defect pointed out consisted in the failure to attach the judgment to the petition as an exhibit. Appellants have called our attention to section 6128 of Kirby's Digest in support of their contention. It is sufficient under that section to state the substance of the writing in the pleading, and failure to file the written instrument is not ground for demurrer. *Nordman* v. *Craighead,* 27 Ark. 369; *Surginer* v. *Paddock,* 31 Ark. 529; *Henry* v. *Blackburn,* 32 Ark. 446. The petition in the instant case fully complied with the rule that the substance of the writing shall be stated. The parties to the judgment, the amount and the date thereof, are set out.

(4-5) The third defect pointed out consisted in the failure to allege that the judgment was founded upon a debt for which the school funds would be liable. . It is not plain that the judgment is void on its face, so until modified or set aside by some proper proceeding, it is conclusive as between the parties; therefore, it was sufficient to plead the judgment as the foundation of the action.

(6) The fourth and last defect pointed out consisted in the failure to allege that there was money on hand to pay the judgment. School directors are required by the statute law of this State to draw warrants on the treasurer of the county to pay the lawful indebtedness of the district. Kirby's Digest, § 7627. The statute does not provide that the money shall be in the treasury with which to pay the warrant before the issuance thereof. On the contrary, it is provided that school warrants may be used for the payment of school taxes, Kirby's Digest, § 7659; that warrants shall be paid in the order of presentation, Kirby's Digest, § 7665, and if there are no funds with which to pay such warrant, the treasurer shall

indorse thereon—''Not paid for want of funds,'' number and record same and pay them in order of their numbers. Kirby's Digest, § 7666.

If the claimant may use his warrant to pay school district taxes and may gain priority by presenting and recording same when no funds are on hand, it follows that he is entitled to his warrant for those purposes, regardless of whether money is in the treasury to pay it.

The petition being good on demurrer, the judgment is affirmed.