CENTRAL CLAY DRAINAGE DISTRICT v. HUNTER.

Opinion delivered May 30, 1927.

1. LIMITATION OF ACTIONS—DEFENSE RAISED BY DEMURRER WHEN.—A question of the statute of limitations cannot be raised by demurrer in a law action, unless the complaint shows on its face that the action is barred and the non-existence of any ground of avoidance.

2. LIMITATION OF ACTIONS—WRITTEN CONTRACT.—Where the services in question were rendered a written contract to which the statute of limitation of finding has applied, the plea of statute was unavailing, where the services were rendered within such period.

3. FRAUDS, STATUTE OF—SUFFICIENCY OF WRITTEN MEMORANDUM.— The written minutes of the meeting of board of directors of a drainage district setting out the employment of an attorney and the terms of compensation, accepted and performed by the attorney and acted under by the boards for twelve years, from year to year, was a sufficient memorandum signed by the party to be charged, under the statute of frauds.

4. EVIDENCES—BEST EVIDENCE OF CONTRACT OF EMPLOYMENT.—In an attorney's action to recover for services, the minute book of the board of directors of the drainage district, containing a contract stating the terms of employment, was the best evidence, and could not be impeached or varied by a witness.

5. APPEAL AND ERROR—DISCRETION AS TO AMENDING PLEADINGS.—The right to amend pleadings during the course of the trial setting up new defenses rests in the sound discretion of the court, and its action will not be reversed on appeal, in the absence of a manifest abuse of such discretion.

Appeal from Clay Circuit Court, Eastern District; *W. W. Bandy,* Judge; affirmed.

*Ward & Ward* and *B. B. Holifield,* for appellant.

*Hunter & Hunter* and *W. E. Spence,* for appellee.

McHANEY, J.   From June 5, 1911, to 1923, appellee, Judge L. Hunter, was in the employ of appellant as its attorney on an annual retainer of $200 and expenses, and, in the event the business of appellant should take him outside Clay County, he was to receive additional compensation for his services.   This agreement was entered into between the parties June 5, 1911, but was not so expressed in the minutes of appellant until the meeting of the board of directors of appellant on June 2, 1913, where the following appears:

"C. M. B. Cox called attention to the fact that the minutes of the meeting of June 5, 1911, at which time he and L. Hunter were employed as attorneys, did not set out the agreement then entered into, whereupon, on motion of J. L. Bartlett, it was ordered that the said agreement then entered into between the board of directors of the Central Clay Drainage District and C. M. B. Cox and L. Hunter, attorneys, be here set out. It was agreed at the said meeting of June the 5, 1911, that each of said attorneys should receive for their services the sum of two hundred dollars per year (and necessary expenses) [words in parentheses are inserted with ink.] But it was further agreed that, in the event said attorney should be called upon to attend to matters outside the county of Clay, they should receive extra compensation."

These minutes are in the regular minute-book of appellant, and a copy thereof was attached to the complaint, and the minute-book was exhibited in evidence by the secretary. Appellee, with the other officers of appellant, were thereafter regularly elected every two years, or annually, as it appears latterly. In 1921 and 1922 he was directed by appellant to look after certain litigation with the Inter-River Drainage District, which took him on two trips to St. Louis, Missouri, with litigation in the Federal District Court; two trips to Poplar Bluff, Missouri, and examination of records of Inter-River Drainage District; two trips to Little Rock, in case in Federal District Court; and two trips to Cape Girardeau, Missouri, for all of which he claimed a fee of $1,050. Appellant refused to pay for this extra service, and appellee brought suit therefor on September 29, 1925. Other items were claimed in the complaint, but it was agreed at the trial that they were barred by limitations. The case was tried to a jury, which resulted in a verdict and judgment against appellant for $713.63, with interest at six per cent. from May 1, 1922, from which comes this appeal.

Appellant assigns eight errors of the trial court for a reversal of this case. We will not discuss them in

detail, as many of them refer to the same subject-matter, and will be disposed of together, especially those assignments relating to the written contract of employment, heretofore set out. There was no error in overruling appellant's demurrer, either general or specific. Apparently it is sought to raise the question of the statute of limitations by demurrer. This cannot be done in an action at law, unless the complaint shows on its face that the action is barred and the non-existence of any ground of avoidance. *McCollum* v. *Neimeyer*, 142 Ark. 471, 219 S. W. 746; *Flanagan* v. *Ray*, 149 Ark. 411, 232 S. W. 600; *Brown* v. *Ark. Power & Light Co.*, ante p.— 294 S. W. 709. The complaint stated a good cause of action on a valid contract, to which only the five-year statute of limitations is applicable, and as it is undisputed in the evidence that appellee was employed during all these years, from 1911 to 1923, under the same contract, the plea of the statute cannot avail appellant anything, since it is likewise undisputed that the services were rendered within the statutory bar. The written minute of the meeting is a sufficient written memorandum signed by the party to be charged, appellant, which was accepted and performed by appellee, and both parties have continued to recognize it and be bound by it for a period of twelve years, from year to year, and appellant cannot now be heard to say that it is not the written evidence of the contract, or that it was conceived in iniquity or born of sin and fraud, as intimated; and, if fraudulent, it must be that of the officers of appellant alone, for it is not shown that the minute-book has ever been out of their possession.

In the case of *McDermott* v. *Mahoney*, 139 Iowa 298, 115 N. W. 35, 116 N. W. 788, the court said:

"Where a written agreement signed by one party is accepted and adopted by the other and acted upon, it becomes their contract in the same sense as though both parties had signed it."

We cannot therefore appreciate the force of the contention that the record or minute book was incompe-

tent. The book was identified by the secretary and the former secretary as the minute-book of appellant. The book was the best evidence, and was properly admitted, and it could not be impeached or the written contract varied by the witness, Bartlett.

Neither was it error for the court to refuse an offer to amend the answer so as to set up a new defense that would impeach the record. The right to amend pleadings during the course of the trial, setting up new defenses, rests in the sound discretion of the court, and its action will not be reversed on appeal unless there is a manifest abuse of such discretion. *St. L. I. M. & S. R. Co.* v. *Cooper & Ross,* 120 Ark. 595, 180 S. W. 203.

Other assignments relate to the giving and refusal of instructions. We do not deem it necessary to set them out and comment on them at length, as it would unduly extend this opinion. Suffice it to say that we have examined these assignments carefully, and find no reversible error. The judgment is accordingly affirmed.