DRIESBACH *v.* BECKHAM.

Opinion delivered January 7, 1929.

*John P. Streepey,* for appellant.

*Walter L. Goodwin,* for appellee.

MEHAFFY, J.   The appellee brought suit against the appellant in the Union Chancery Court, alleging that

he was the owner of the southeast quarter of the southwest quarter and the southwest quarter of section 22, township 17 south, range 14 west, in Union County, Arkansas, and lives on said land as his homestead; that said land has been leased for oil and gas, and there has been more or less prospecting for oil and gas in that neighborhood; that, in the late spring of 1922, the defendant, J. F. Driesbach, well knowing that the plaintiff was the owner of the above described land, and well knowing that plaintiff was unaccustomed to the methods of trade and title to land in so far as oil rights are concerned, approached this plaintiff, and told him that there was an oil lease on his land, which lease was an incumbrance on the title to said land, and that he would lose his land, or a great interest therein, unless said lease was removed as a cloud on his title; that the defendant persuaded this plaintiff that said lease was a serious obstacle to the title to his land, and that he, the said defendant, would remove said lease from the land if the plaintiff would deed him a one-fifth interest in the oil and gas and other minerals under said land; and that this plaintiff, being inexperienced as to the titles of said land, and believing that there was something seriously the matter with the title to his land, executed a conveyance to the defendant, conveying one-fifth interest in and to all the oil, gas and other minerals in and under the above described land, which said instrument is recorded in book 131, at page 251 of the deed records of Union County, Arkansas, a copy of which instrument is attached to said complaint.

Plaintiff also alleged that said instrument was fraudulently procured from him by the defendant, and that the defendant did nothing towards straightening out the title to his land, and that he paid nothing in consideration for the conveyance of said interest. Plaintiff stated that the conveyance to defendant was a cloud upon his title, and he had been greatly damaged by reason of said instrument in that he had not been able to have his land prospected for oil and gas.

There was a prayer for a cancellation of the instrument made to defendant and for the lands to be vested in the plaintiff, etc. There was attached to the complaint a copy of the deed made to defendant, and, among other things, the deed stated that the parties were desirous of having the oil, gas and mineral lease canceled in order that they might be able to execute a valid lease on the property described; and to plaintiff's complaint the defendant filed the following demurrer:

First, that the complaint on its face does not state a cause of action; second, the complaint shows on its face that any right of action that may have existed is barred by the statute of limitations; third, that plaintiff is estopped from asserting any cause of action he may have had because of his being guilty of laches. The court overruled the demurrer, and the defendant appealed. Defendant had filed his answer, but withdrew the answer and stood on his demurrer.

It is first contended that the demurrer should be sustained because it contended that the complaint does not state any facts constituting a cause of action. It does, however, state the fact that the defendant knew that the plaintiff was unaccustomed to the methods of trade and title to land, and that defendant told him there was an oil lease on his land, which lease defendant alleged to be an incumbrance on the title, and that plaintiff would lose his land, or a great interest therein, unless this lease was removed. He further alleged that defendant persuaded plaintiff that the lease was a serious obstacle to plaintiff's title, and that plaintiff, being inexperienced, and believing that there was something serious the matter with the title to his land, executed the conveyance sought to be canceled. He alleges that the instrument was fraudulently procured, and that defendant never at any time did anything towards straightening out the title; that he paid nothing in consideration for the conveyance, and that the conveyance is a cloud on the title of plaintiff.

It is true that a complaint must state something more than mere conclusions, but the fraud charged by plaintiff, we think, is a sufficient statement of the facts constituting the fraud to justify the court in overruling the demurrer.

This court has frequently held that, in testing the sufficiency of a pleading by general demurrer, every reasonable intendment should be indulged to support it, and that, where facts are defectively stated, the remedy is by motion to make more definite and certain, and not by demurrer. It is also true that, while the Code forbids the allegation of mere conclusions of law, its spirit and object require that the facts constituting the cause of action shall be stated according to their legal effect. The rule requires the statement of fact, and not the evidence of fact. *Ellis* v. *First National Bank,* 163 Ark. 471, 260 S. W. 714; *Cox* v. *Smith,* 93 Ark. 371, 125 S. W. 437, 137 Am. St. Rep. 89; *Bruce* v. *Benedict,* 31 Ark. 301; *Turner* v. *Tapscott,* 30 Ark. 312; *Ferrell* v. *Elkins,* 159 Ark. 31, 251 S. W. 380.

"The allegations of the bill, which are confessed by the demurrer, control in this case. Contrary to the common-law rule, under our Code every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless it be so fatally defective that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever. A demurrer will not lie to a complaint if it states sufficiently, but imperfectly, a cause of action; but the remedy in such case is by motion to make the complaint more definite and certain." *Williams* v. *Memphis, Dallas & Gulf Railroad Co.,* 133 Ark. 188, 202 S. W. 228. See also *Shelton* v. *Landers,* 167 Ark. 638, 270 S. W. 522; *Lane* v. *Alexander,* 168 Ark. 700, 271 S. W. 710; *Harnwell* v. *Ark. Rice Growers' Cooperative Assn.,* 169 Ark. 622, 276 S. W. 371; and *Fitch* v. *Walls,* 169 Ark. 745, 276 S. W. 578.

Tested by these rules, the complaint was sufficient on demurrer.

It is next contended by appellant that the demurrer should have been sustained because it is alleged that the complaint shows on its face that it was barred by the statute of limitations. We do not agree with appellant in this contention. The defense of the statute of limitations should be raised by answer and not by demurrer, where the facts stated in the complaint do not show that the action is barred.

This complaint alleges, in effect, that the plaintiff was ignorant; did not know about transfers and land titles and things of this sort, and that he was made to believe by the defendant that there was a serious defect in his title. But, of course, it cannot be assumed that the plaintiff knew, at the time that he alleges the fraud was committed, that it was a fraud, and there was no indication as to when he discovered it. The complaint does not therefore show on its face that the cause of action was barred by the statute of limitations.

This court has many times held that, in an action at law, the statute of limitations cannot be taken advantage of by demurrer unless the complaint shows that the action is barred. And it has also been said that it must not only show on its face that the action is barred, but it must show the non-existence of any ground of avoidance. See *Sanders* v. *Flenniken,* 172 Ark. 454, 289 S. W. 485; *Brown* v. *Ark. Central Power Co.,* 174 Ark. 177, 294 S. W. 709; *Central Clay Drainage Dist.* v. *Hunter,* 174 Ark. 293, 295 S. W. 19; *Miles* v. *Scales,* 174 Ark. 412, 295 S. W. 375.

There was no error in overruling the demurrer, and the decree is affirmed.