4-5738                                      135 S. W. 2d 670

Opinion delivered January 15, 1940.

*Tom J. Terral,* for appellant.

HOLT, J. This suit was commenced by appellant, M. L. Burns, against his wife, Mrs. C. E. Burns, Will Woods, and George Shepherd in the Pulaski circuit court on September 30, 1938. The cause was transferred to equity on November 16, 1938, by agreement of the parties.

Appellant's complaint alleged that prior to October 18, 1929, he and appellee, Mrs. C. E. Burns, were the owners of a certain lot in Little Rock, Arkansas, and that on that date they conveyed the property to George W. Shepherd, who in turn conveyed it by warranty deed to Mrs. C. E. Burns for a consideration of $300, and that the deed was filed for record on said date.

The complaint further alleged that on October 18, 1929, M. L. Burns entered into a lease with his wife, under the terms of which Mrs. Burns, for a consideration

of $300, agreed to lease to him 20 feet running east and west and 40 feet running north and south on the southeast corner of the lot for a period of 99 years. That the lessee was to have immediate possession of the leased property, but although he paid the consideration of $300 stipulated in the lease that Mrs. Burns refused to deliver possession to appellant and refused to abide by the terms of said lease agreement.

Appellant further alleged that he was fraudulently induced by Mrs. Burns to join in the conveyance to Shepherd and to enter into said lease with Mrs. Burns, "in that said defendant, Mrs. C. E. Burns, induced plaintiff to part with title to his property, and induced plaintiff to pay her $300 in cash, knowing that she did not intend to give plaintiff possession of the aforesaid lease, a scheme to cheat and deprive this plaintiff of his property, and same was fraudulently conceived by defendant, Mrs. C. E. Burns, who accepted payment of the aforesaid $300 and then refused to carry out her part of said agreement, and she has consistently refused to give possession, and that said acceptance and refusal to give possession constituted a fraud upon this plaintiff perpetrated by Mrs. C. E. Burns with the fraudulent intent of depriving him of his interest in said property."

He further alleged that he was ready and willing to carry out his part of said lease contract; that the conveyance from Shepherd to Mrs. Burns was without consideration, "in that the $300 mentioned in said conveyance was not paid by defendant, Mrs. C. E. Burns, to George W. Shepherd, and was never intended to be paid; that the consideration of said warranty deed was in reality an agreement on the part of defendant, Mrs. C. E. Burns, to lease the above described property to this plaintiff, but that the consideration for said agreement and deed has wholly failed."

His prayer was that the deed conveying the lot in question from Shepherd to Mrs. Burns be canceled; that appellee, Woods, be ousted from possession; that possession and title be vested in appellant, and for judgment

against Mrs. Burns in the sum of $2,000 damages for said broken lease and for costs.

On January 30, 1939, the cause was dismissed as to defendant, George W. Shepherd.

The remaining defendants, Mrs. C. E. Burns and Will Woods (appellees here), filed separate demurrers on the ground that the facts set forth in the complaint were not sufficient to constitute a cause of action.

The court sustained these demurrers, dismissed appellant's complaint for want of equity and found "that plaintiff's complaint upon its face, shows that more than five years has elapsed since the date that plaintiff's cause of action accrued to him, and said cause of action is, therefore, barred by limitation, and the plaintiff shall have and recover nothing from the defendants and each of them."

Appellant says in his brief, "If no allegation of fraud appeared in appellant's complaint, then it is conceded appellant's cause is barred by the five-year statute, assuming for the moment that the five-year statute is applicable. Appellant's whole complaint is predicated upon fraud perpetrated upon him by Mrs. Burns."

This court has many times held that where fraud is relied upon the complaint must state something more than mere conclusions, but the facts relied upon as constituting the fraud must also be clearly set forth in the complaint to justify the court in overruling a demurrer.

As far back as *McIlroy* v. *Buckner*, 35 Ark. 555, this court said: "It is not sufficient to plead fraud generally, or merely to characterize actions as fraudulent. The facts and circumstances constituting the fraud should be set forth. There should be some concealment, misrepresentation, craft, finesse, or abuse of confidence, by which another is misled, to his detriment; and these, or some of them, must be alleged and proved. Mere epithets, or adverbs characterizing conduct, which, in itself, may be innocent, amount to nothing. This has been repeatedly ruled by this court."

In *Evans* v. *Pettus,* 112 Ark. 572, 166 S. W. 955, this court said: ''We are of the opinion that the court was correct in sustaining a demurrer as to the cause of action of Mrs. Evans. Her allegations as to fraudulent misrepresentations are so vague that they amount only to conclusions of law, and are entirely insufficient to state a cause of action. The only allegation is that appellee induced her to execute the contract 'by misrepresentation as to the value of said wall, and as to the nature of the contract.' There is no allegation that she relied upon these representations; or that she had no opportunity to investigate for herself; or that she was induced to sign the contract without reading it.

''The statement in the complaint that the contract was induced by misrepresentation is not sufficient to state a cause of action for cancellation or rescission of the contract, and the chancellor was correct in holding the complaint to be insufficient.''

It is our view that the allegations set forth in the complaint in the instant case are but conclusions of the pleader, and that the learned chancellor was correct in so holding and in sustaining the demurrer.

Appellant insists that the case of *Driesbach* v. *Beckham,* 178 Ark. 816, 12 S. W. 2d 408, controls here. We cannot agree. Upon a review of this case, it will be seen that the facts relied upon as constituting the fraud were set out in the complaint, and that the pleader did not content himself by stating mere conclusions.

We are also of the view that the trial court was correct in holding that appellant's complaint shows on its face that his cause of action is barred by the five-year statute of limitations (§ 8933 of Pope's Digest). According to the complaint, appellant Burns and his wife, Mrs. Burns, appellee, conveyed the property in question to Shepherd on October 18, 1929, and on the same date Shepherd re-conveyed by warranty deed to Mrs. Burns. On the same date Mrs. Burns executed a 99-year lease covering a portion of the property to Mr. Burns for $300. Under the terms of the lease, Mr. Burns, appellant, was

entitled to possession, which Mrs. Burns refused to give. Appellant's cause of action arose in 1929 at the time possession was denied him. He did not file suit, according to the complaint, until September 30, 1938, more than five years after his cause of action accrued.

Since the complaint in the instant case shows on its face that the cause of action is barred, the trial court correctly held that the plea of the statute of limitations on the part of appellee could be properly raised by demurrer.

In *Evans* v. *Pettus*, 112 Ark. 572, 166 S. W. 955, this court said: "The bar of the statute may be pleaded by demurrer in an action in the chancery court where the complaint shows affirmatively that the period of limitation has elapsed since the accrual of the cause of action."

In *Driesbach* v. *Beckham*, 178 Ark. 816, 12 S. W. 2d 408, this court said: "The defense of the statute of limitations should be raised by answer and not by demurrer, where the facts stated in the complaint do not show that the action is barred."

In *Mueller* v. *Light*, 92 Ark. 522, 123 S. W. 646, 31 L. R. A., N. S. 1013, this court held (quoting headnote): "The defense of the statute of limitations may be interposed by demurrer in equity where the cause of action appears upon the face of the complaint to be barred, and does not disclose facts sufficient to remove such bar."

See, also, *McGinnis* v. *Less*, 147 Ark. 211, 227 S. W. 398, where this court said: "Either laches or the statute of limitations may be raised by demurrer in a suit in chancery where the allegations of the complaint are sufficient to show the existence of those defenses. In such an action these defenses go to the equity of the complaint, and may, therefore, be raised by demurrer."

We conclude, therefore, that no errors are presented by this record, and we accordingly affirm.